869 P.2d 1334

**Danny Harris JENKINS,
Plaintiff–Appellant,**

v.

**CADES SCHUTTE FLEMING & WRIGHT, Attorneys at Law, Licensed to do Business in the State of Hawai'i; Philip J. Leas; James H. Ashford; Orin S. Jackson; Doris M.J. Jackson; Zions Securities Corporation, A Utah Corporation Licensed to do Business in the State of Hawai'i and Larry Gilbert, Defendants–Appellees.**

No. 17634.

Supreme Court of Hawai'i.

March 14, 1994.

Danny Harris Jenkins plaintiff-appellant, pro se.

J. Stephen Street and Bradford L. Tannen, Rush Moore Craven Sutton Morry & Beh, Honolulu, for defendant-appellee Zions Securities Corp.

Philip J. Leas and James H. Ashford, Honolulu, for defendants-appellees Cades Schutte Fleming & Wright, Philip J. Leas, James H. Ashford, Orin S. Jackson and Doris M.J. Jackson.

Larry Gilbert, Gilbert Jeynes & Bodbey, Honolulu.

Before MOON, C.J., LEVINSON, NAKAYAMA, and RAMIL, JJ. and Circuit Judge YIM, in Place of KLEIN, J., Recused.

PER CURIAM.

█ Plaintiff-appellant Danny Harris Jenkins appeals from the First Circuit Court's orders granting defendants-appellees Cades Schutte Fleming & Wright, Philip J. Leas, James H. Ashford, Orin S. Jackson, and Doris M.J. Jackson (collectively, Jacksons) and Zions Securities Corporation's (Zions) motions to dismiss Jenkins' complaint and first amended complaint. Appellees Jacksons and Zions contest appellate jurisdiction by means of statements contesting jurisdiction filed pursuant to Rule 12.1 of the Hawai'i Rules of Appellate Procedure (HRAP). Appellant Jenkins, *pro se*, did not file a statement of jurisdiction although he was required to do so by HRAP 12.1 and bears the burden of showing appellate jurisdiction. *See, e.g., Hong v. Kong*, 67 Haw. 15, 675 P.2d 769 (1984) (former Hawai'i Supreme Court Rule 3(b), now HRAP 28(b) and 12.1, "is designed

so that [opening] briefs filed in compliance therewith will clearly show ... there is appellate jurisdiction").

Appellees Zions and Jacksons argue that this court lacks appellate jurisdiction because: (1) the orders dismissing the complaint did not resolve claims against defendant Larry Gilbert; and (2) judgment has not been entered pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure. We agree and dismiss this appeal.[1]

## I. BACKGROUND

Jenkins filed a multi-count complaint against Zions, Jacksons, and Larry Gilbert. Jenkins later filed a similar first amended complaint. Zions and Jacksons moved to dismiss the complaint and the first amended complaint.

On November 15 and 18, 1993 the circuit court entered substantially similar orders that state, in relevant part:

IT IS HEREBY ORDERED that the Jackson Motion and the Zions Motion are granted for dismissal of all claims based upon the Court's finding that all claims in the Complaint and the First Amended Complaint are either barred by the doctrine of *res judicata* or are claims which Plaintiff has no standing to pursue.

On December 14, 1993, Jenkins filed a notice of appeal from the two orders.

## II. DISCUSSION

█ We note at the outset that the orders appealed from merely granted Zions and Jacksons' motions to dismiss. Neither order mentions claims made against defendant Larry Gilbert and neither order contains language entering judgment in favor of or against any party. Absent certification under Hawai'i Rules of Civil Procedure (HRCP) 54(b), these deficiencies are sufficient to show a lack of appellate jurisdiction. *See, e.g., Familian Northwest Inc. v. Central Pacific Boiler & Piping, Ltd.*, 68 Haw. 368, 370, 714 P.2d 936, 937 (1986) (supreme court's

---

1. This opinion is not intended to apply to interlocutory orders certifiable and certified pursuant to Hawai'i Revised Statutes (HRS) § 641–1(b) or

to appealable collateral orders. *See Chuck v. St. Paul Fire Ins. Co.*, 61 Haw. 552, 555, 606 P.2d 1320, 1323 (1980).

jurisdiction is limited to review of final judgments, orders, and decrees; an order is not final if the rights of a party remain undetermined or if the matter is retained for further action); *M.F. Williams, Inc. v. City and County of Honolulu,* 3 Haw.App. 319, 322–24, 650 P.2d 599, 603 (1982) (an order granting a motion for summary judgment is not a judgment unless it contains appropriate language entering judgment in favor of and against the relevant parties).

█ Although not absolutely necessary to the disposition of this case, we take this opportunity to address a vexing problem that is partly responsible for clogging our docket with appeals that are not ripe for disposition—non-compliance with the separate document requirement of HRCP 58 (1990). We expect parties, attorneys, and circuit courts to heed our words. *See Robinson v. Ariyoshi,* 65 Haw. 641, 655, 658 P.2d 287, 298 (1982) ("a statement of a superior court [is] binding on inferior tribunals, even though technically dictum, where it was 'passed upon by the court with as great care and deliberation as if it had been necessary to decide it, was closely connected with the question upon which the case was decided, and the opinion was expressed with a view to settling a question that would in all probability have to be decided before the litigation was ended' ").

Rule 54(a) of the Hawai'i Rules of Civil Procedure (1991) provides:

> "Judgment" as used in these rules includes a decree and any order [2] from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings.

The orders granting the motions to dismiss in this case were never reduced to a judgment pursuant to HRCP 58. In relevant part that rule provides:

> The filing of the judgment in the office of the clerk constitutes entry of the judgment; and the judgment is not effective before such entry. The entry of the judg-

ment shall not be delayed for the taxing of costs. *Every judgment shall be set forth on a separate document.*

HRCP 58 (emphasis added). The separate document provision was added to HRCP 58 by order of this court on July 26, 1990 and has been generally ignored by practitioners and circuit courts alike.

█ The separate document provision was copied from a similar provision in the Federal Rules of Civil Procedure. Its sole purpose is to determine when the time for appeal commences. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384, 98 S.Ct. 1117, 1119, 55 L.Ed.2d 357 (1978); 6A *Moore's Federal Practice* ¶ 58.02.1[2] (1993). The separate judgment rule is designed to simplify and make certain the matter of appealability. It was not designed as a trap for the inexperienced. It should be interpreted to prevent the loss of the right to an appeal, not to facilitate it. In the federal courts the parties may waive the formality of entering a separate judgment and may treat an order as a judgment. *Bankers Trust,* 435 U.S. at 386–88, 98 S.Ct. at 1120–21.

We must decide whether to allow parties to waive the requirements of HRCP 58 when appealing from orders entered in the circuit courts of the State of Hawai'i.

We have considerable sympathy for the proposition that requiring entry of a separate judgment is a waste of time and is unnecessarily rigid when the record shows that the order from which the appeal is taken is the order that resolves the last issue in the case and, therefore, that the case is ripe for appeal.[3] We are mindful, however, that we may hear appeals from only final judgments, orders, or decrees except as otherwise provided by law. HRS § 641–1(a) (1985); *Kernan v. Tanaka,* 75 Haw. 1, 16, 856 P.2d 1207, 1215–16 (1993); *Association of Owners of Kukui Plaza v. Swinerton & Walberg Co.,* 68 Haw. 98, 105, 705 P.2d 28, 33 (1985). This finality rule is a policy against piecemeal

---

2. For example, an order properly certified under HRS § 641–1(b) (1985) or a collateral order. *See, e.g., Chuck,* 61 Haw. at 555, 606 P.2d at 1323.

3. We note that Rule 23 of the Rules of the Circuit Courts of the State of Hawai'i *requires* the pre-

vailing party to prepare and submit to the circuit court a proposed judgment *"[w]ithin 10 days* after [the] decision of the court awarding any judgment[.]" (Emphasis added.)

appeals. *Powers v. Ellis,* 55 Haw. 414, 417, 520 P.2d 431, 433 (1974).

We are equally aware from our crowded docket that it is not uncommon for several appeals to be taken from multiple orders entered in a single circuit court case, whether or not the orders have been reduced to a judgment. We acknowledge that part of the reason for these multiple appeals is fear that the right to appeal will be lost if a notice of appeal is not filed. However, many of these appeals are premature and are dismissed because a final judgment as to all claims and parties has not been entered.

 We are required to determine if we have jurisdiction in each appeal. *See, e.g., Kernan,* 75 Haw. at 15, 856 P.2d at 1215. If we do not require a judgment that resolves *on its face* all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, *cf. International Brotherhood of Electrical Workers v. Hawaiian Telephone Co.,* 68 Haw. 316, 322–23 n. 7, 713 P.2d 943, 950 n. 7. (1986) (counsel has no right to cast upon the court the burden of searching through a voluminous record to find the ground for an objection), and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP 58.

 We acknowledge the existence of those cases that hold where disposition is embodied in several orders, the orders collectively can constitute a final judgment; *see, e.g., City & County of Honolulu v. Midkiff,* 57 Haw. 273, 275, 554 P.2d 233, 235 (1976), and therefore, for purposes of appeal the time for filing the notice of appeal is measured from the date of entry of the order resolving the last issue. However, after careful consideration of this court's experiences with reviewing briefs, statements of jurisdiction, and circuit court records to determine appellate jurisdiction, we conclude that we should not allow the requirement of a

separate judgment to be waived by the actions of the parties to a circuit court case.

 Therefore, we hold: (1) An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP 58; (2) if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified; (3) if the judgment resolves fewer than all claims against all parties, or reserves any claim for later action by the court, an appeal may be taken only if the judgment contains the language necessary for certification under HRCP 54(b); and (4) an appeal from any judgment will be dismissed as premature if the judgment does not, *on its face,* either resolve all claims against all parties or contain the finding necessary for certification under HRCP 54(b).

 These holdings are intended to establish bright line rules so there will be little doubt in most cases about when an appeal may be taken. We realize that rigid enforcement of HRCP 58 and application of our holdings in this opinion to cases currently pending before this court and the Intermediate Court of Appeals would work an unnecessary hardship on those who have relied upon our prior case law. We will not rigidly apply the Rule 58 requirement of a separate judgment or our holdings in this opinion to appeals currently pending. However, for all appeals from circuit courts filed after March 31, 1994, we will enforce strict compliance with the separate document requirement of HRCP 58. Thus, after March 31, 1994 an appeal from an order that purports to be a final order as to all claims and parties in civil cases may be taken only after the order has been reduced to a judgment in favor of or against the parties.[4] If claims are resolved

---

4. For example: "Pursuant to the jury verdict

entered on *(date),* judgment in the amount of

by a series of orders, a final judgment upon all the claims must be entered. The "judgment shall not contain a recital of the pleadings," HRCP 54(a), but it must, *on its face,* show finality as to all claims against all par-ties. An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court[5] will be dismissed. If a judgment purports to be certified under HRCP 54(b), the necessary finding of no just reason for delay, *see Mason v. Water Resources International,* 67 Haw. 510, 511, 694 P.2d 388, 389 (1985), must be included in the judgment.

## III. *CONCLUSION*

Because (1) the claims against defendant Larry Gilbert have not been resolved and (2) the orders from which appeal is taken fail to enter judgment in favor of or against any party, this appeal is dismissed for lack of appellate jurisdiction.

$_____ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so; for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter–Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

5. *See* HRAP 4(a)(2) ("[e]xcept as provided in [HRAP 4](a)(4) ... notice of appeal filed after the announcement of a decision or order but before the entry of judgment or order shall be treated as filed after such entry and on the day thereof").