LAW LIBRARY

NO. 29932

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEAN R. KIKUMOTO
CLERK, APPELLATE COURTS
STATE OF HAWAI'I

2010 APR 26 AM 8:21

FILED

CITIBANK (SOUTH DAKOTA), N.A., Plaintiff-Appellee,

v.

SOLOMON NALUA'I, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC08-1-10930)

ORDER DENYING MARCH 1, 2010 MOTION TO DISMISS APPEAL
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) Plaintiff-Appellee Citibank (South Dakota) N.S.'s (Appellee Citibank) March 1, 2010 motion to dismiss Defendant-Appellant Solomon Nalua'i's (Appellant Nalua'i) appeal as untimely, (2) Appellant Nalua'i's March 8, 2010 memorandum in opposition to Appellee Citibank's March 1, 2010 motion to dismiss Appellant Nalua'i's appeal as untimely, and (3) the record, it appears that Appellant Nalua'i's appeal from the Honorable Christopher P. McKenzie's June 2, 2009 judgment and May 26, 2009 order granting Appellee Citibank's motion for summary judgment (the May 26, 2009 summary judgment order) is timely under Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP).

Appellant Nalua'i is appealing pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. A final order means an order ending the proceeding, leaving nothing further to be accomplished. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The Supreme Court of Hawai'i

> has promulgated separate rules governing civil procedure in the district courts . . . . DCRCP Rule 58 (1996), in contrast to HRCP Rule 58, does not by its plain language require that judgment be set forth on a "separate document." Thus, the requirements set forth in Jenkins [v. Cades Schutte Fleming & Wright, 76 Hawaii 115, 869 P.2d 1334 (1994)], are not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

Id. at 427, 984 P.2d at 1253 (footnote and citation omitted).

The May 26, 2009 summary judgment order finally determined all of the substantive issues in this case, leaving nothing further to be accomplished with respect to substantive issues. Therefore, the May 26, 2009 summary judgment order is an appealable final order pursuant to HRS § 641-1(a).

Pursuant to HRAP Rule 4(a)(3),[1] Appellee Citibank

---

[1] Rule 4(a)(3) of the Hawaii Rules of Appellate Procedure (HRAP) provides:

> (3) Time to Appeal Affected by Post-Judgment Motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a

(continued...)

tolled the initial thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal from the May 26, 2009 summary judgment order when Appellee Citibank timely moved the district court for an award of attorneys' fees and costs. The district court resolved Appellee Citibank's motion for attorneys' fees and costs when the district court entered the June 2, 2009 judgment, which awarded attorneys' fees and costs in specific amounts to Appellee Citibank. On July 1, 2009, Appellant Nalua'i submitted his notice of appeal from the June 2, 2009 judgment to the district court for filing, which was within thirty days after entry of the June 2, 2009 judgment, as HRAP Rule 4(a)(3) requires. Despite that Nalua'i submitted his notice of appeal from the June 2, 2009 judgment to the district court for filing on July 1, 2009, the district court clerk file-stamped Appellant Nalua'i's notice of appeal with the date July 6, 2009. Nevertheless, the date on which a trial court receives a document prevails over any subsequent file-stamped date on which the trial court eventually files the document. See Doe v. Doe, 98 Hawai'i 144, 151, 44 P.3d 1085, 1092 (2002). Therefore, Appellant Nalua'i's July 1, 2009 notice of appeal is timely under HRAP

---

[1](...continued)
    new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

HRAP Rule 4(a)(3) (effective July 1, 2006) (emphasis added).

Rule 4(a)(3), and we have jurisdiction over this appeal pursuant to HRS § 641-1(a). Accordingly,

IT IS HEREBY ORDERED that Appellee Citibank's March 1, 2010 motion to dismiss Appellant Nalua'i's appeal is denied.

DATED: Honolulu, Hawai'i, April 26, 2010.

Presiding Judge

Associate Judge

Associate Judge