LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 30182

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BOWEN HUNSAKER HIRAI CONSULTING, INC.,
Petitioner-Appellee,

v.

DAVID TURK, HARUMI TURK, DAVID TURK LLLC,
MARJET, INC., HAYASHI TRANSPACIFIC, INC. and HAYASHI
TRANSPACIFIC AIRCRAFT, INC., Respondents-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. No. 09-1-0227)

ORDER OF DISMISSAL
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of (1) the April 15, 2010 order granting the motion to withdraw the appeal as to Respondent-[Former] Appellant David Turk LLLC and (2) the record on appeal, it appears that Respondents-Appellants David Turk, Harumi Turk, Marjet, Inc., Hayashi Transpacific, Inc., and Hayashi Transpacific Aircraft, Inc. (collectively, **Appellants**)[1] seek appellate review of the portion of the Honorable Gary W. B. Chang's October 19, 2009 "Order Granting in Part and Denying in Part Petitioner Bowen Hunsaker Hirai Consulting, Inc.'s Petition to Compel Mediation and/or Binding Arbitration Filed July 10, 2009" (the October 19, 2009 order) that grants Petitioner-Appellee Bowen Hunsaker Hirai Consulting, Inc.'s petition to compel mediation and arbitration as to Appellants.

Hawai'i Revised Statutes § 658A-28(a)(1) (Supp. 2009) authorizes an appeal from an order denying a motion to compel arbitration, but does not authorize an appeal from an order compelling arbitration. In certain contexts, Hawai'i appellate courts have held that, under the collateral order doctrine, "[a]n order granting a motion to compel arbitration is final and appealable" because it "is one of that small category of orders

---

[1]     As David Turk LLLC is no longer seeking to appeal the circuit court's order, it is not considered one of the Appellants for the purposes of this order.

which finally determine claims of right separable from and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." <u>Sher v. Cella</u>, 114 Hawai'i 263, 266-67, 160 P.3d 1250, 1253-54 (App. 2007) (citation and internal quotation marks omitted).  However, in a special proceeding filed for the purpose of petitioning the court to compel arbitration, such as in the case at bar, the sole purpose of the proceeding is to determine arbitrability.  Therefore, the right to arbitrate is the right asserted in the case and the issue of arbitrability is not a collateral issue.

Accordingly, in a special proceeding initiated for the purpose of determining arbitrability, the requirement of a separate final judgment set forth in Hawai'i Rules of Civil Procedure (**HRCP**) Rule 58 applies and "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>See</u> <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).  There is no separate final judgment filed in this case and we therefore lack appellate jurisdiction.

For these reasons, IT IS HEREBY ORDERED that Appeal No. 30182 is dismissed.

DATED: Honolulu, Hawai'i, May 21, 2010.

Chief Judge

Associate Judge

Associate Judge

-2-