LAW LIBRARY

NO. 30290

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ROBERT SOMERS, Plaintiff-Appellant, v.
SUMMERLIN LIFE & HEALTH INSURANCE COMPANY, C&T RESTAURANTS, LLC,
dba DANIEL THIEBAUT RESTAURANT & CATERING, JOHN DOES 1-10
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-0318K)

ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Plaintiff-Appellant Robert Somers (Appellant Somers) has asserted from the Honorable Elizabeth A. Strance's December 14, 2009 "Amended Order Granting Defendant Summerlin Life & Health Insurance Company's Motion to Dismiss Complaint Filed October 9, 2008, Filed May 22, 2009" and December 14, 2009 "Order Denying Plaintiff Robert Somers' Ex Parte Motion to Extend Time for Service of the Complaint, Filed November 13, 2009" (the two December 14, 2009 orders) because the circuit court has not reduced the two December 14, 2009 orders to a separate judgment that resolves all claims against all parties in this case pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). The supreme court has promulgated HRCP Rule 58, which specifically requires that "[e]very judgment shall be set forth on a separate document." Emphasis added). The supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119,

869 P.2d 1334, 1338 (1994). The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted) (emphasis added). For example, the supreme court has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added).

The two December 14, 2009 orders are not judgments, but, instead, they are interlocutory orders. On March 15, 2010, the appellate court clerk filed the record on appeal for appellate court case number 30290, at which time the record on appeal did not contain a separate judgment that resolves all claims in this case. Absent a separate, appealable judgment, Appellant Somers's appeal is premature and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that appellate court case number 30290 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 21, 2010.

Chief Judge

Associate Judge

Associate Judge

-2-