NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 30345

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILLIAM T. VINSON, Trustee of the Vinson Family Trust,
Plaintiff-Appellee,

v.

ASSOCIATION OF APARTMENT OWNERS OF SANDS OF KAHANA,
an unincorporated Hawaii condominium association,
Defendant-Appellant,

and

JOHN DOES 1-10; JANE DOES 1-10,
DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10
and DOE ENTITIES 1-10, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0081)

ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over this appeal that Defendant-Appellant
Association of Apartment Owners of Sands of Kahana (Appellant
AOAO Sands of Kahana) has asserted from the Honorable Joel E.
August's January 13, 2010 "Order Granting Plaintiff William T.
Vinson's Motion for Summary Judgment Filed on November 4, 2009,
and Denying Defendant Association of Apartment Owners of Sands of
Kahana's Cross-Motion for Summary Judgment on Plaintiff's
Complaint Filed on February 3, 2009, Filed on November 13, 2009"
(the January 13, 2010 summary judgment order) because the circuit
court has not reduced the January 13, 2010 summary judgment order
to a separate judgment that resolves all claims against all
parties in this case pursuant to Rule 58 of the Hawai'i Rules of
Civil Procedure (HRCP).

Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). The supreme court has promulgated HRCP Rule 58, which specifically requires that "[e]very judgment shall be set forth on a separate document." (Emphases added.) The supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). For example, the supreme court has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i

171, 176, 914 P.2d 1364, 1369 (1996) (Emphases added.)

The January 13, 2010 summary judgment order is not a judgment, but, instead, it is an interlocutory order. On April 12, 2010, the appellate court clerk filed the record on appeal for Appeal No. 30345, at which time the record on appeal did not contain a separate judgment that resolves all claims in this case. Absent a separate, appealable judgment, Appellant AOAO Sands of Kahana's appeal is premature and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that Appeal No. 30345 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 28, 2010.

Chief Judge

Associate Judge

Associate Judge