LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 30412

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Matter of the Guardianship of the Person of IN

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-G NO. 09-1-0025K)

2010 JUL 26 AM 8:08 FILED

JEAN R. KIKUMOTO
CLERK, APPELLATE COURTS
STATE OF HAWAII

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over the appeal that Petitioners-Appellants Robert W. Codling and Emma Lou Codling (the Codling Appellants) have asserted from the Honorable Aley K. Auna, Jr.'s, March 24, 2010 "Court's Decision" in FC-G No. 09-1-0025K (the March 24, 2010 decision), because the March 24, 2010 decision is not appealable pursuant to Hawai'i Revised Statutes (HRS) § 641-1 (1993 & Supp. 2009) and Rule 34 of the Hawai'i Probate Rules (HPR).

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HPR Rule 34 requires a trial court to reduce an order establishing a guardianship to a separate judgment as a prerequisite for appealability:

RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS

(a) Entry of Judgment. All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may

be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure.

(b) Interlocutory Orders. In order to appeal from any other order prior to the conclusion of the proceeding, the order must be certified for appeal in accordance with Section 641-1(b) of the Hawai'i Revised Statutes.

(c) Final Judgment Closing Proceeding. At the conclusion of the proceeding, <u>a final judgment closing the proceeding shall be entered</u> and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.

(d) Appeals. <u>Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed</u> pursuant to the Hawai'i Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphases added). "Rule 34 is written to conform probate practice to the policy against piecemeal appeals, <u>see</u>, e.g., <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Haw. 115, 869 P.2d 1334, 1994 Haw. LEXIS 19 (1994)." Commentary to HPR Rule 34. Under the holding in <u>Jenkins</u>, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> Therefore, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." <u>Alford v. City and Count of Honolulu</u>, 109 Hawai'i 14, 21, 122 P.3d 809, 816 (2005) (citation omitted). "An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." <u>Jenkins</u>, 76 Hawai'i at 120, 869 P.2d at 1339. Accordingly, HRS § 641-1(a) and HPR Rule 34 require the

entry of a separate judgment for the purpose of obtaining appellate review of a guardianship proceeding that a court has finally ended and closed.

The March 24, 2010 decision appears to be an order that denied the Codling Appellants' petition to establish a guardianship in FC-G No. 09-1-0025K, but the family court has not yet reduced the March 24, 2010 decision to a separate judgment in FC-G 09-1-025K, as HPR Rule 34 requires for a guardianship proceeding. Therefore, the March 24, 2010 decision is not appealable under HRS § 641-1(a) and HPR Rule 34. Absent an appealable judgment, we lack jurisdiction over appellate court case number 30412. Accordingly,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, July 26, 2010.

Presiding Judge

Associate Judge

Associate Judge