**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

NO. CAAP-10-0000251


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ROARING LION, LLC, a Montana Limited Liability Company, et al.,
Plaintiffs-Appellees,
v.
EXCLUSIVE RESORTS PBL1, LLC,
a Delaware Limited Liability Company; and
EXCLUSIVE RESORTS PBL3, LLC a Delaware Limited Liability Company,
Defendants-Appellants,
and
PAUOA BAY PROPERTIES, LLC,
a Delaware Limited Liability Company; et al.,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 04-1-0332)


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiffs/Counterclaim-Defendants/

Appellants Roaring Lion, LLC, David Cowan, Nathalie Cowan,

Umang P. Gupta, Ruth M. Gupta, and Pauoa Beach 8 LLC's (the

Appellants), appeal from the Honorable Greg K. Nakamura's

December 1, 2010 judgment, and (2) the record, it appears that we lack jurisdiction over Appeal No. CAAP-10-0000251 because the December 1, 2010 judgment does not satisfy the requirements for an appealable final judgment pursuant to Hawaii Revised Statutes (HRS) § 641-1(a)(1993 & Supp. 2010), Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The rules of the court require, among other things, that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. "An appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id.

> For example: "Pursuant to the jury verdict entered on (date), judgment in the mount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

-2-

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4.  When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawaiʻi has noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court.  Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (original emphasis). "[W]e should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58."  Id.  "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)."  Id.

Although the instant case involves multiple parties and multiple claims (e.g., the claims in the amended complaint, the counterclaim, and numerous cross-claims), the December 1, 2010 judgment expressly enters judgment only in favor of Defendants/Counterclaim-Plaintiffs/Appellees Exclusive Resorts PBL1, LLC, and Exclusive Resorts PBL3, LLC (the Exclusive Resorts Appellees), and against the Appellants as to all claims in the Appellants' complaint and amended complaint.  The December 1, 2010 judgment, however, does not: (1) enter judgment as to the other parties; (2) enter judgment on the parties' other claims, such as the counterclaim and the cross-claims; (3) expressly dismiss any of the unidentified claims; or, (4) contain an express finding of no just reason for delay in the entry of a

-3-

judgment on one or more but less than all claims pursuant to HRCP Rule 54(b). Therefore, the December 1, 2010 judgment does not satisfy the requirements for an appealable judgment in a multiple-claim and multiple-party case under HRCP Rule 58 and the holding in Jenkins.

When parties stipulate to dismiss claims pursuant to HRCP Rule 41(a)(1)(B), "a separate judgment is neither required nor authorized, inasmuch as a plaintiff's dismissal of an action, by filing a stipulation of dismissal signed by all parties [pursuant to HRCP Rule 41(a)(1)(B)], is effective without order of the court." Amantiad v. Odum, 90 Hawaiʻi 152, 158 n.7, 977 P.2d 160, 166 n.7 (1999) (citation, internal quotation marks, and brackets omitted). However, in order to effectuate a dismissal without any order of the court, the stipulation to dismiss must be "signed by all parties who have appeared in the action." HRCP Rule 41(a)(1)(B).

The parties herein have attempted to dismiss some of their claims through the following six stipulations for dismissal that fail to satisfy the requirements of HRCP Rule 41(a)(1)(B) in that they are not signed by all parties who have appeared in the action:

> (1)  a July 12, 2007 "Stipulation Pursuant to Haw[.] R. Civ. P. 41(c) for Dismissal without Prejudice of (1) All Cross-Claims by Defendant Pauoa Bay Properties, LLC[,] against Defendants Exclusive Resorts PBL1, LLC[,] and Exclusive Resorts PBL3, LLC; and (2) All Cross-Claims by Defendants Exclusive Resorts PBL1, LLC[,] and Exclusive Resorts PBL3, LLC[,] against Defendant Pauoa Bay Properties, LLC";

(2)    a July 16, 2007 "Stipulation Pursuant to Haw. R. Civ. P. 41(c) for Dismissal without Prejudice of (1) All Cross-Claims by Defendant Pauoa Beach Realty, LLC[,] against Defendants Exclusive Resorts PBL1, LLC; and (2) All Cross-Claims by Defendant Exclusive Resorts PBL1, LLC[,] against Defendant Pauoa Beach Realty, LLC";

(3)    a July 23, 2007 "Stipulation Pursuant to Haw. R. Civ. P. 41(c) for Dismissal without Prejudice of (1) All Cross-Claims by Defendant White Sand Beach Limited Partnership against Defendant Exclusive Resorts PBL1, LLC; and (2) All Cross-Claims by Defendant Exclusive Resorts PBL1, LLC[,] against Defendant White Sand Beach Limited Partnership";

(4)    a March 17, 2008 "Stipulation for Dismissal with Prejudice of All Claims against Defendants White Sand Beach Limited Partnership, Pauoa Bay Properties, LLC[,] and Pauoa Beach Realty, LLC[,] and Order";

(5)    a June 17, 2010 "Stipulation Pursuant to Haw. R. Civ. P. Rules 41(a)(1) and 41(c) for Dismissal without Prejudice of the Counterclaim Filed November 4, 2004, by Defendant Exclusive Resorts PBL1, LLC, against Plaintiffs"; and

(6)    an October 1, 2010 "Stipulation Pursuant to Haw. R. Civ. P. Rules 41(a)(1) and 41(c) for Dismissal of the Counterclaim Filed August 8, 2005, by Defendant Exclusive Resorts PBL1, LLC, against Plaintiffs[.]"

Because the above six stipulations fail to satisfy the requirements of HRCP Rule 41(a)(1)(B), the final judgment in this case must, on its face, resolve all the claims that the six stipulations fail to effectively dismiss.

As already stated, the December 1, 2010 judgment does not, on its face, resolve all of the claims in this case, and the December 1, 2010 judgment does not contain an express finding of no just reason for delay in the entry of a judgment on one or more but less than all claims pursuant to HRCP Rule 54(b). Therefore, the December 1, 2010 judgment does not satisfy the requirements for an appealable final judgment in a multiple-claim and multiple-party case under HRCP Rule 58 and the holding in Jenkins. Absent an appealable final judgment, the Appellants'

appeal is premature and we lack appellate jurisdiction over this case.

Accordingly, IT IS HEREBY ORDERED that this appeal is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawaiʻi, June 21, 2011.


Presiding Judge


Associate Judge


Associate Judge