**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000501
24-NOV-2021
08:08 AM
Dkt. 41 OGMD**

NO. CAAP-21-0000501

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NATALIE ANNE JAMES, as GUARDIAN FOR
SCOTT SPENCER STOLSIG, Plaintiff-Appellee, v.
FOODLAND SUPER MARKET, LIMITED, Defendant-Appellant,
STEPHEN SCHMIDT, Defendant-Appellee,
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE PARTNERSHIPS 1-20; DOE GOVERNMENTAL ENTITIES 1-20,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-20-0000330 (1))

ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Upon consideration of the Motion to Dismiss Appellant's Interlocutory Appeal (**Motion**), filed on October 19, 2021, by Plaintiff-Appellee Natalie Ann James, as Guardian for Scott Spencer Stolsig, the papers in support and in opposition, and the record, it appears we lack appellate jurisdiction over Defendant-Appellant Foodland Super Market, Limited's (**Foodland**) appeal from the Circuit Court of the Second Circuit's (**circuit court**) August 10, 2021 "Order Denying [Foodland]'s Motion to Dismiss or, Alternatively, for Summary Judgment as to all Claims and Parties Against [Foodland] Filed on May 10, 2021 and Order Granting [Foodland]'s Motion for Hawaii [sic] Rules of Civil Procedure Rule 54(b) Certification" (**Order**) because the circuit court has not entered a final, appealable judgment, and the Order is not independently appealable.

An aggrieved party cannot obtain appellate review of a circuit court's interlocutory orders in a civil case, under Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016), until the circuit court has reduced its dispositive rulings to an appealable, final judgment under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 58.  See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994) ("An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]").  Here, the circuit court has not entered a final, appealable judgment.

Further, the Order does not satisfy the requirements for an exception to the final-judgment requirement as a prerequisite for an appeal under the collateral-order doctrine, the Forgay doctrine, or HRS § 641-1(b).  The circuit court purported to certify the Order under HRCP Rule 54(b).  However, the Order does not enter judgment as to any of the claims in the complaint, and Rule 54(b) is inapplicable.  See HRCP Rule 54(b).

Accordingly, IT IS HEREBY ORDERED that the Motion is granted and the appeal is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, November 24, 2021.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge