**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000436
25-MAY-2023
08:13 AM
Dkt. 20 ODSLJ**

NO. CAAP-22-0000436

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DOUGLAS HIRANO, Plaintiff-Appellant, v.
KATE McCLORY; SAND ISLAND TREATMENT CENTER; AT&T WIRELESS;
RANDY COOK; HOLIDAY INN HOTEL; WHITE SANDS HOTEL;
SAND VILLA HOTEL; COCONUT WAIKIKI HOTEL; OHANA MALIA HOTEL,
Defendants-Appellees, and
JOHN DOES 1-200; JANE ROES 1-100, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-21-0001124)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Nakasone and Chan, JJ.)

Upon review of the record, it appears that self-represented Plaintiff-Appellant Douglas Hirano appeals from the Circuit Court of the First Circuit's (**circuit court**) May 18, 2022 "Order Granting Defendant AT&T Mobility LLC's (erroneously identified as AT&T Wireless) Motion for Summary Judgment as to all Claims" (**5/18/22 Order**).

The court lacks jurisdiction over the appeal because the circuit court has not entered a final, appealable order or judgment. See Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016); Hawaiʻi Rules of Civil Procedure Rules 54(b), 58; Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). Further, the 5/18/22 Order is not independently appealable under the collateral-order doctrine, the Forgay[1] doctrine, or HRS § 641-1(b). See Greer v. Baker, 137

---

[1] Forgay v. Conrad, 47 U.S. 201 (1848).

Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (setting forth the requirements for appealability under the collateral-order doctrine and the <u>Forgay</u> doctrine); HRS § 641-1(b) (specifying requirements for leave to file interlocutory appeal).

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, May 25, 2023.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge