**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000768
12-NOV-2024
08:12 AM
Dkt. 106 SO**

NO. CAAP-20-0000768


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


HAWAII CONFERENCE FOUNDATION, Plaintiff-Appellee, v.
LINDA KAMAI-KAAIHUE; ANTHONY TAKEMOTO, Defendants-Appellants,
and DOE DEFENDANTS 1-10, Defendants-Appellees.
(CIVIL NO. 1CC191000587)

In the Matter of the Dissolution of
HAUULA CONGREGATIONAL CHURCH, a dissolved Hawai'i
nonprofit corporation, also known as
HAU'ULA CONGREGATIONAL CHURCH, UNITED CHURCH OF CHRIST
(S.P. NO. 1CSP-20-0000050)


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Defendants-Appellants Linda **Kamai-Kaaihue** and Anthony

**Takemoto** (or collectively **Defendants**) appeal from the Circuit

Court of the First Circuit's[1] September 29, 2020 "Findings of

Fact, Conclusions of Law, and Order: (1) Granting in Part and

Denying in Part [Plaintiff-Appellee **Hawaii Conference**

---

[1] The Honorable James H. Ashford presided.

Foundation's] Motion for Partial Summary Judgment Filed April 22, 2020, and (2) Denying Defendant Linda Kamai-Kaaihue and Anthony Takemoto's Motion for Summary Judgment Filed July 14, 2020" (**Summary Judgment Order**) and November 24, 2020 **Stipulated Judgment**.

For background, Hauula-Kahuku Church was incorporated on December 18, 1916 by a charter (**1916 Charter**). Between 1927 and 1942, the **Territory** of Hawaiʻi issued three land patents granting Hauula-Kahuku Church over 1.7 acres of land in Hauʻula (the **Property**).[2]

In March 1976, Hauula-Kahuku Church's name was changed to Hauula Congregational Church. In September 1977, Hauula Congregational Church was involuntarily dissolved for failure to file "annual corporation exhibits" for "at least two years" and "the directors of the corporation [were to] act as Trustees for the creditors and stockholders" pursuant to Hawaiʻi Revised Statutes (**HRS**) § 416-123 (1976, repealed 1987). Hauula Congregational Church was the sole owner of the Property until its dissolution.

Hauʻula Congregational Church, United Church of Christ was incorporated in June 1997, as a purported "reincorporation"

---

[2] Two of the grants stated the land was to "be used for church purposes only," otherwise it would revert to the Territory or be recoverable "by the Territory or its successors in an" ejectment action or other appropriate proceeding.

of Hauula Congregational Church.  In September 2008, Hauʻula Congregational Church, United Church of Christ recorded a warranty deed in the Bureau of Conveyances granting the entirety of the Property to Hawaii Conference as a tenant in severalty, even though there was no document conveying the Property from Hauula Congregational Church to Hauʻula Congregational Church, United Church of Christ.

On December 10, 2018, Kamai-Kaaihue filed articles of incorporation for Hauʻula Kahuku Church with the Department of Commerce and Consumer Affairs, noting she was the registered agent and listing herself, Takemoto, and Kathleen Takemoto as incorporators.  Starting in December 2018, Defendants purportedly entered the Property, parking vehicles and occupying "the church building without" Hawaii Conference's permission.

In April 2019, Hawaii Conference filed a complaint for trespass to land and intentional damage to property in circuit court (**Trespass Proceeding**), requesting declaratory judgment, injunctive relief, and damages.

About a year later, Hawaii Conference initiated a special proceeding in circuit court seeking "Appointment of a Receiver for Hauʻula Congregational Church" to resolve, inter alia, the gap in title to the Property (**Special Proceeding**). The circuit court appointed a receiver, vesting him with "full power and authority to execute all instruments and take all

3

actions necessary to resolve unfinished business and wind up the affairs of the Church[.]"

On April 22, 2020, Hawaii Conference moved for partial summary judgment in the Trespass Proceeding. The following day, the receiver recorded a quitclaim deed conveying the Property from "Hauʻula Congregational Church" to Hawaii Conference in the Bureau of Conveyances.

In May 2020, the circuit court consolidated the proceedings with the Trespass Proceeding as the primary case. Both sides moved for summary judgment. At the August 13, 2020 hearing on the summary judgment motions, the circuit court noted it was granting Hawaii Conference's summary judgment motion as to all counts of the complaint except damages because damages by Defendants, if any, had not been proven. On September 29, 2020, the circuit court entered its Summary Judgment Order, granting in part and denying in part Hawaii Conference's motion and denying Defendants' motion.

Following the Summary Judgment Order, the circuit court entered the parties' Stipulated Judgment in favor of Hawaii Conference on all counts with nominal damages of $1.00 and costs of $7,051.25 taxed against Defendants. The circuit court's minutes note that trial was taken off the calendar.

4

Defendants timely appealed.  Defendants raise nine points of error[3] while Hawaii Conference contests this court's

_____

[3]  Defendants' nine points of error are as follows:

A. "The trial court erred when it construed the nonprofit corporation's charter to mean that the charter prohibits the distribution of the dissolved nonprofit corporation's land to its members";

B. "The trial court erred in refusing to apply Chapter 416, HRS (1976 replacement), which was the law in effect at the time of the nonprofit corporation's dissolution, and in refusing to fashion a remedy under that law";

C. "The trial court erred in refusing to consider [Hawai'i] judicial precedent on the dissolution of a corporation as guidance in the interpretation and application of the 'hybrid' statute to the dissolved nonprofit corporation";

D. "The trial court erred in holding that the dissolved nonprofit corporation continued to exist without end, even if more than 40 years had passed since its dissolution in 1977";

E. "The trial court erred in applying Chapter 414D, HRS (effective July 1, 2002) to the winding up of the dissolved nonprofit corporation's affairs and to the distribution of its land";

F. "The trial court erred in holding (1) that the former Hauula-Kahuku Church was or is a 'public benefit corporation,' (2) that the distribution of the dissolved nonprofit corporation's land is to be undertaken pursuant to section 414D-245(a)(6), HRS and not pursuant to section 414D-245(a)(7), HRS, (3) that the Plaintiff is entitled to the distribution of the [Property] and (4) that the Defendants have no interest in the [Property]";

G. "The trial court erred when it allowed its receiver to deliver a deed for the [Property] without a prior hearing, without the trial court's prior approval, without notice to the pool of persons who may be interested in the distribution and to the wrong person";

H. "The trial court erred by not assembling a proper pool of interested persons for the distribution of the dissolved nonprofit corporation's land"; and

(continued . . .)

5

jurisdiction. We address (1) Hawaii Conference's challenge to jurisdiction, and consolidate Defendants' nine points of error as challenging (2) the application of HRS Chapter 414D (Points A-F) and (3) the conveyance of title (Points G-I).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

**(1)** We first address Hawaii Conference's assertion this court lacks jurisdiction because the Stipulated Judgment "was actually a judgment entered on consent of the parties and is not appealable."

Contrary to Hawaii Conference's assertion, this court has jurisdiction over this case. The Stipulated Judgment stated it "finally disposes of all claims and all parties in this case. There are no other parties [or] claims remaining, and all other claims and parties not addressed in this Judgment, if any, are hereby dismissed." Because the Stipulated Judgment was a final judgment that disposed of all claims as to all parties in this

---

(. . . continued)

> I. "The trial court erred when it held that the Plaintiff owns the [Property] and when it entered its further conclusions, orders, writ and judgment based on that error."

(Formatting altered.) Defendants also challenge various findings of fact and conclusions of law in their points of error but do not make arguments related to specific findings or conclusions. Hawai'i Rules of Appellate Procedure Rule 28(b)(7).

case, and Defendants timely appealed, we have jurisdiction. See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994); Hawai'i Rules of Civil Procedure Rules 54(b), 58; and Hawai'i Rules of Appellate Procedure Rule 4(a)(1).

As Hawaii Conference acknowledged in its memorandum in support of its motion to dismiss for lack of appellate jurisdiction, following the circuit court's ruling on the summary judgment motions, "the parties stipulated to nominal damages of $1.00, and [Hawaii Conference's] entitlement to costs of $7,051.25." Defendants do not raise a point of error related to the stipulated damages and costs.

Instead, Defendants' points of error primarily challenge the circuit court's Summary Judgment Order. The record does not show Defendants gave up their right to appeal this order. See R2B Invs., LLC v. Reynolds, 133 Hawai'i 452, 330 P.3d 390, No. CAAP-11-0000684, 2014 WL 2007001 at *1, 2, 7 (App. May 14, 2014) (Mem. Op.) (indicating agreement to waive right to appeal must be express); Ueoka v. Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005). We thus address Defendants' contentions.

**(2)** Defendants contend the circuit court erred in applying HRS Chapter 414D (Point E); should have applied HRS Chapter 416 (Points A-D); and even if HRS Chapter 414D applied,

the court should have applied subsection (a)(7), not (a)(6), of HRS § 414D-245 (Supp. 2019) (Point F). The gist of Defendants' argument is that Kamai-Kaaihue has "an inheritable property interest in the dissolved nonprofit corporation's land by, through and under her parents" who were members when Hauula Congregational Church was dissolved in 1977. Contrary to Defendants' contention, the circuit court did not err.

First, the circuit court did not err in applying HRS Chapter 414D. The 1916 Charter stated it was "subject to all existing laws and all laws, whether amendatory, repealing or other laws that may here-after be enacted applicable to charters or corporations of this character." HRS Chapter 416 was repealed in 1987. 1987 Haw. Sess. Laws Act 135, § 208 at 308. And HRS Chapter 414D applied to Hawaiʻi nonprofit corporations when the circuit court appointed a receiver to wind up Hauula Congregational Church's unfinished business. See HRS § 414D-321 (2004). The church here was a nonprofit corporation. Thus, the circuit court did not err in applying HRS Chapter 414D.

But, even if HRS Chapter 416 applied in 2020 as Defendants contend, it does not support Kamai-Kaaihue's assertion that she inherited a property interest through her church-member parents. HRS § 416-124 (1976, repealed 1987) provided a dissolved corporation's trustee(s) can distribute the entity's remaining assets to its members "if under the charter

8

of the corporation the members are entitled to a distribution of the remaining property of the corporation[.]"  Here, the 1916 Charter did not indicate members were entitled to a distribution of remaining assets upon dissolution, but instead stated "[n]o stock shall be issued nor dividends paid by the corporation."  And, the bylaws indicated board members were to "serve without compensation."  Further, neither document indicated membership could be transferred or inherited.  See generally Wier v. Howard Hughes Med. Inst., 407 A.2d 1051, 1054-55 (Del. Ch. 1979) (stating unless the corporate charter or bylaws of a non-stock corporation expressly provide, membership in the corporation "may not be transferred or inherited").  Thus, as the 1916 Charter and bylaws did not provide for transfer of membership or distribution of assets upon dissolution, HRS § 416-124 would not allow Kamai-Kaaihue to inherit an interest in the Property.

Finally, HRS § 414D-245(a)(6) and (a)(7) (Supp. 2019) explain how a dissolved nonprofit corporation can dispose of its assets if its articles or bylaws do not indicate how assets are to be disposed of after dissolution:

> (a)  A dissolved corporation continues its corporate existence but shall not carry on any activities except those appropriate to wind up and liquidate its affairs, including . . . .
>
> (6)  If the corporation is a public benefit corporation and no provision has been made in its articles or bylaws for distribution of assets on dissolution, transferring, subject to any contractual or legal requirement, its assets to one or more persons described in Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or if the dissolved

9

>>> corporation is not described in Section 501(c)(3) of the Internal Revenue Code, to one or more public benefit corporations; [and]

> (7) If the <u>corporation is not a public benefit corporation</u> and no provision has been made in its articles or bylaws for distribution of assets on dissolution, transferring its assets to its members or, if it has no members, to those persons whom the corporation holds itself out as benefiting or serving[.]

(Emphases added.) A public benefit corporation includes a corporation recognized as exempt under Internal Revenue Code section 501(c)(3):

> "Public benefit corporation" means any corporation designated by statute as a public benefit corporation, or any corporation that is <u>recognized as exempt under section 501(c)(3)</u> of the Internal Revenue Code of 1986, as amended, or that is organized for public or charitable purposes and upon dissolution must distribute its assets to a public benefit corporation, the United States, a state, or a person recognized as exempt under section 501(c)(3) of the Internal Revenue Code of 1986, as amended.

HRS § 414D-14 (2004) (emphasis added).

Again, the 1916 Charter and bylaws did not provide for the distribution of assets upon dissolution. Because the entity here operated as a nonprofit corporation "organized and operated exclusively for religious, charitable" purposes outlined in 26 U.S.C. § 501(c)(3), its assets would be subject to distribution under HRS § 414D-245(a)(6). <u>See</u> 26 U.S.C. § 501(c)(3) (2019) (providing that "[c]orporations . . . organized and operated exclusively for religious, charitable . . . purposes" are "exempt from taxation . . . unless such exemption is denied"). HRS § 414D-245(a)(7), on the other hand, applies to corporations that are not public benefit corporations. The circuit court

10

therefore did not err in applying HRS § 414D-245(a)(6) as Hauula Congregational Church met the definition of a public benefit corporation.

In sum, Defendants did not establish that Kamai-Kaaihue was entitled to distribution of the Property through her church-member parents.

**(3)** Defendants also contend the circuit court erred in allowing the receiver to deed the Property without notifying and assembling a pool of interested persons.

The circuit court was vested with authority to appoint a receiver to do what was necessary to settle the corporation's unfinished business:

> When any corporation organized under the laws of this State . . . shall have been dissolved . . . , <u>the circuit court</u>, upon application of any creditor, member, or director of the corporation, or any other person who shows good cause therefor, and upon a finding that the persons responsible for settling the unfinished business and winding up the affairs of the corporation either are not diligently pursuing such obligations, or cannot be found or otherwise are not available, may either appoint one or more of the directors of the corporation to be trustees or <u>appoint one or more persons to be receivers of and for the corporation, to do all acts that are necessary for the final settlement of the unfinished business of the corporation</u>. The powers of the trustees or receivers shall be effective for the time period determined by the circuit court.

HRS § 414D-245.5(a) (2004) (emphases added).

Here, the circuit court's order appointing the receiver stated the receiver had "full power and authority to execute all instruments and take all actions necessary to resolve unfinished business and wind up the affairs of the

11

Church, in the name and on behalf of the Church." One bit of unfinished business was disposing of Hauula Congregational Church's assets. Under HRS § 414D-245(a)(6), the receiver could only transfer Hauula Congregational Church's assets to another person or entity described in Internal Revenue Code section 501(c)(3) or to another public benefit corporation. As Hawaii Conference was a 501(c)(3) entity, the receiver complied with HRS § 414D-245(a)(6) when he deeded the Property to Hawaii Conference.

As to notice, Defendants acknowledge they received notice, but argue there were other church members who may have been interested in the Property, as well as the Association of Hawaiian Evangelical Churches and the State of Hawai'i, who should have been notified. As discussed, Defendants failed to show there was a basis for individuals to inherit an interest in the Property through persons who were church members at the time of dissolution. And the record in this case indicates the Association of Hawaiian Evangelical Churches and the State of Hawai'i were aware of the Special Proceeding to appoint a receiver, as the Association of Hawaiian Evangelical Churches filed a declaration in the Special Proceeding and Hawaii Conference served Clare E. Conners, then-Attorney General for

12

the State of Hawaiʻi, with its application for appointment of a receiver.  Thus, there was no error regarding notice.

Based on the foregoing, we affirm the circuit court's September 29, 2020 Summary Judgment Order and the November 24, 2020 Stipulated Judgment.

DATED:  Honolulu, Hawaiʻi, November 12, 2024.

On the briefs:

Michael J. Matsukawa,
for Defendants-Appellants.

Diane D. Hastert,
Douglas C. Smith,
Gregory W. Kugle, and
Ross Uehara-Tilton,
(Damon Key Leong Kupchak
Hastert),
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge