889 P.2d 76

**Alvaro R. RAQUINIO, Complainant–Appellant,**

v.

**Dayton M. NAKANELUA, Director of Labor and Industrial Relations, State of Hawai'i, & Hawaiian Commercial and Sugar Company, Respondents–Appellees.**

**No. 18046.**

Intermediate Court of Appeals of Hawai'i.

Feb. 16, 1995.

Antonio V. Ramil, on the brief, Wailuku, Maui, for complainant-appellant.

Leo B. Young, Deputy Atty. Gen., on the brief, Honolulu, for respondent-appellee Dayton M. Nakanelua.

Gregory M. Sato and Kitty K. Kamaka, on the brief, Torkildson, Katz, Jossem, Fonseca, Jeffe, Moore & Hetherington, Honolulu, for respondent-appellee Hawaiian Commercial and Sugar Co.

Before BURNS, C.J., and WATANABE and ACOBA, JJ.

### ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION

Complainant–Appellant Alvaro R. Raquinio (Raquinio) was employed by Respondent–Appellee Hawaiian Commercial and Sugar Company (Employer). On July 22, 1988, Raquinio strained his neck, lower back, and hips while handling irrigation tubing in the fields and qualified for workers' compensation. Raquinio's recovery from his work injury was slow and painful. Eventually, after Raqui-

nio's doctor reported that Raquinio could return to work on a light duty basis, Employer instructed Raquinio to report for office work on January 5, 1990. Raquinio decided that he was not well enough to return to work without supportive therapy and did not report for work as instructed. On January 17, 1990, Employer terminated Raquinio's employment. The April 27, 1993 Decision and Order entered by the Director of Labor and Industrial Relations decided that Employer did not discharge Raquinio solely because of his work injury and thus did not violate Hawaiʻi Revised Statutes (HRS) § 378–32 (1985).

In response to Raquinio's appeal, the Second Circuit Court entered the following orders:

>  February 16, 1994 Order Affirming Director's Decision
>
>  March 30, 1994 Order Denying Complainant–Appellant's Motion for Reconsideration and/or for Alteration or Amendment of Order Affirming Director's Decision Filed February 16, 1994 as Filed on February 28, 1994

This appeal No. 18046 involves Raquinio's appeal of the circuit court orders listed above. We conclude that Raquinio's appeal No. 18046 is premature.

HRS § 378–36 (1985) states that "[a]ny person aggrieved by the order of the department of labor and industrial relations shall be entitled to judicial review as provided by section 91–14."

HRS § 91–14(g) (1985) states in relevant part that "[u]pon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order[.]"

Hawaiʻi Rules of Civil Procedure (HRCP) Rule 72 (1990) governs appeals to circuit courts. HRCP Rule 72(k) states in relevant part that "[u]pon determination of the appeal, the court having jurisdiction shall enter judgment. Such judgment shall be reviewable, or final, as may be provided by law." Neither of the circuit court orders listed above satisfies this requirement of HRCP Rule 72(k).

HRCP Rule 58 requires in relevant part that "[e]very judgment shall be set forth on a separate document." Neither of the circuit court orders listed above satisfies this requirement of HRCP Rule 58.

With respect to appeals filed after March 31, 1994, from circuit court orders resolving claims against parties, the Hawaiʻi Supreme Court has specified that:

>  (1) An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP 58;
>
>  . . . .
>
>  . . . [F]or all appeals from circuit courts filed after March 31, 1994, we will enforce strict compliance with the separate document requirement of HRCP 58. . . . An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed.

*Jenkins v. Cades Schutte Fleming & Wright,* 76 Hawaiʻi 115, 119–20, 869 P.2d 1334, 1338 (1994) (footnote omitted).

The requirements for appealability set forth in *Jenkins* do not apply to circuit court decrees deciding child custody disputes. *In Interest of Doe,* 77 Hawaiʻi 109, 114 n. 9, 883 P.2d 30, 35 n. 9 (1994). We conclude, however, that the requirements for appealability set forth in *Jenkins* apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations.

In Raquinio's case, the requirements of HRCP Rules 58 and 72(k) and *Jenkins* apply and have not been satisfied. Therefore, Raquinio's appeal is premature, and we do not have appellate jurisdiction.

Accordingly, this appeal is dismissed for lack of appellate jurisdiction.