N()']` F()R 'P'UBLICA'I"I()N IN WEST'S H.»K\Vz,\]§‘l REP()RTS AND PACII*`IC REPORTER

NO. 30056

 

IN THE lNTERMEDIATE COURT GF APPEALS

OF THE STATE OF HAWAFI
MoL0KA: PRoPERT:Es LiMITED ike MoLoKA: RANcH, L:MrTEn;fA§peii§§:-
Appellant ;g 13

v.
DEPARTMENT OF HEALTH, STATE OF HAWAIUL

COUNTY OF MAUI; MOLOKAI PUBLIC UTILlTIES, lNC.;

wAr0LA 0 MoLoKA:, :Nc., and Mosco, :Nc., Appe11ees-Appe11ees

APPEAL FROM THE ClRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-l877)

ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURlSDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over this appeal that Appellant~Appellant Molokai
Properties, Limited, fka Molokai Ranch, Limited (Appellant
Molokai Properties), asserted from the Honorable Eden Elizabeth
Hifo's August l8, 2009 judgment, because the August l8, 2009
judgment does not satisfy the requirements for an appealable
final judgment under Hawaii Revised Statutes (HRS) § 641-l(a)
(l993 & Supp. 2008), Rules 58 and 72(k) of the HawaFi Rules of
Civil Procedure (HRCP), and the holding in Jenkins v. Cades
schucce F1eminq & wriqnc, 76 Hawari i15, ii9, 369 P.2d 1334,
l338 (l994).

when a circuit court adjudicates an appeal from an
administrative agency order, "[r]eview of any final judgment of
the circuit court under this chapter shall be governed by chapter
602." HRS § 9l~l5 (l993). The intermediate court of appeals has
jurisdiction "[t]o hear and determine appeals from any court or

agency when appeals are allowed by law[.]" HRS § 602-57(l) (l993

 

N()T FOR PIEBLICATI()N IN WES'I"S H`.AVVAI‘I REPORTS ANI) PAC].FIC REPORTER

& Supp. 2008}. Under Hawaid_law, "[a}ppeals shall be allowed in
civil matters from all final judgments, orders, or decrees of
circuit . . . courts[.]" HRS § 64l~l(a> (l993 & 8upp. 2008).
Appeals under HRS § 641-1 "shall be taken in the manner

provided by the rules of the court." HRS § 64l~1(c). HRCP

Rule 58 requires that "[e]very judgment shall be set forth on a
separate document." Based on this requirement under HRCP Rule
58, the supreme court has held that "[a]n appeal may be taken
from circuit court orders resolving claims against parties only
after the orders have been reduced to a judgment and the judgment
has been entered in favor of and against the appropriate parties
pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawafi at 1l9, 869

P.2d at 1338 (emphasis added). Furthermore,

if a judgment purports to be the final judgment in a case
involving multiple claims or multiple parties, the judgment
(a) must specifically identify the party or parties for and
against whom the judgment is entered, and (b) must (i)
identify the claims for which it is entered, and

(ii) dismiss any claims not specifically identified[.]

;d; (emphases added). HRCP Rule 72(k) similarly requires that,
upon a circuit court's adjudication of an administrative appeal,
"the court having jurisdiction shall enter judgment." HRCP

Rule 72(k). Therefore, the separate judgment document rule under
the holding in Jenkins applies to a secondary appeal from a
circuit court order that adjudicates an administrative appeal.
See, e.g., Raguinio v. Nakanelua, 77 Hawafi 499, 500, 889 P.2d
76, 77 (App. l995) ("We conclude . . . that the requirements for
appealability set forth in Jenkins apply to appeals from circuit
court orders deciding appeals from orders entered by the Director
of Labor and Industrial Relations.").

Although the circuit court reduced its dispositive

_2_

NO'.I.` FOR P`l.fBLl(,`.v.AT'lON` `IN WEST’S _H`AVVAI‘I REI’O'RTS AND PACIFIC RE`PORTER
order to the separate August l8, 2009 judgment, the August l8,
2009 judgment does not, on its face, resolve this administrative
appeal with respect to all of the named parties in this case, as
the holding in Jenkins requires. Instead, the August l8, 2009
judgment resolves this administrative appeal only as to Appellant
Molokai Properties and Appellees-Appellees Department of Health,
State of Hawafi, and County of Maui. The August l8, 2009
judgment does pop resolve this administrative appeal as to
Appellees-Appellees Molokai Public Utilities, Inc. (Appellee
MPU), Wafola 0 Molokai, lnc. (Appellee Wafola 0 Molokai) and
Mosco, Inc. (Appellee Mosco) because the August l8, 2009 judgment
neither (a) enters judgment as to Appellees MPU, WaFola 0
Molokai and Mosco nor (b) dismisses this administrative appeal as
to Appellees MPU, WaFola 0 Molokai and Mosco, despite that they
are named parties in this administrative appeal. The fact that
Appellees MPU, Wafola 0 Molokai and Mosco chose not to be as
active as other parties in this administrative appeal is
irrelevant with respect to the requirement for a judgment to
resolve all claims against all parties; Appellees MPU, Wafola 0
Molokai and Mosco are named parties and the administrative appeal
will not end until the circuit court enters a judgment that, on
its face, resolves the administrative appeal as to all named
parties. Although the August l8, 2009 judgment states that there
are no remaining claims, parties or issues in this case, the
supreme court has explained that,

[a] statement that declares "there are no other outstanding
claims" is not a judgment. If the circuit court intends
that claims other than those listed in the judgment language

_3_

NOT F()R PUBLICATION' I'N W`EST'S HAWAI‘] RF,P()RTS ANI) PACIFIC REPORTER

should be dismissed, it must say sos for example,

"Defendant Y‘s counterclaim is dismissed," or "Judgment upon
Defendant Y's counterclaim is entered in favor of
Plaintiff/Counter»Defendant Z," or "all other claims¢
counterclaims, and cross~claims are dismissed."

J@nk;i_na, 76 Hawai‘i at 119~20 :1.4, 369 P.zd at 1333~39 114
(emphases added).

Because the August l8, 1009 judgment does not resolve
this administrative appeal as to all named parties, the
August l8, 2009 judgment does not satisfy the requirements for an
appealable final judgment under HRS § 641-l(a), HRCP Rule 58,
HRCP Rule 72(k), and the holding in Jenkins. Absent an
appealable final judgment, this appeal is premature and we lack
jurisdiction. Accordingly,

IT IS HEREBY ORDERED AND DECREED that Appeal NO. 30056
is dismissed for lack of jurisdiction.

DATED: Honolulu, HawaiEq January l3, 20l0.

¢éAi//)

Presiding Judge

 
 
 
 
 
 

Associate dEY§%…

'é§s c at Ju ge“i

f f

x

5 1 ,"

,1/