NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 30193

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

INTERNATIONAL DISPLAY SYSTEMS, INC.,
Appellant-Appellant,

v.

BRENNON T. MORIOKA, PH.D., P.E., DIRECTOR, DEPARTMENT OF
TRANSPORTATION, STATE OF HAWAI'I; BRIAN SEKIGUCHI,
DEPUTY DIRECTOR, DEPARTMENT OF TRANSPORTATION, AIRPORTS
DIVISION; DESIGNEES OF AARON FUJIOKA, ADMINISTRATOR,
STATE PROCUREMENT OFFICE, STATE OF HAWAI'I; FORD AUDIO-
VIDEO SYSTEMS, INC.; DEPARTMENT OF COMMERCE AND
CONSUMER AFFAIRS; et al., Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2244)

ORDER DISMISSING APPEAL
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over this appeal that Appellant-Appellant
International Display Systems, Inc., asserted from the Honorable
Eden Elizabeth Hifo's October 23, 2009 "Order Affirming Dismissal
of Petitioner's Request for Administrative Hearing Filed in PCH-
2008-17, Office of Administrative Hearings, Department of
Commerce and Consumer Affairs, State of Hawaii" (the October 23,
2009 order), because the circuit court has not yet reduced the
October 23, 2009 order to a separate judgment, as required
pursuant to Hawai'i Revised Statutes (HRS) § 130D-710(f) (Supp.
2009), HRS § 641-1(a) (1993 & Supp. 2009), Rules 58 and 72(k) of
the Hawai'i Rules of Civil Procedure (HRCP), and the holding in
Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119,
869 P.2d 1334, 1338 (1994).

In administrative appeals involving the Hawai'i Public
Procurement Code, "[a]ny party aggrieved by the decision of the
circuit court may appeal in accordance with part I of chapter 641
and the appeal shall be given priority."  HRS § 103D-710(f)
(emphasis added).  Under HRS Chapter 641, "[a]ppeals shall be

allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered <u>in favor of and against the appropriate parties</u> pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." <u>Alford v. City and County of Honolulu</u>, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." <u>Jenkins</u>, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

Although the instant case is an administrative appeal, HRCP Rule 72(k) similarly requires that, upon a circuit court's adjudication of an administrative appeal, "the court having jurisdiction shall enter judgment." HRCP Rule 72(k). Therefore, the separate judgment document rule under the holding in <u>Jenkins</u> applies to a secondary appeal from a circuit court order that adjudicates an administrative appeal. <u>See</u>, <u>e.g.</u>, <u>Raquinio v. Nakanelua</u>, 77 Hawai'i 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in <u>Jenkins</u> apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations.").

The October 23, 2009 order is a dispositive order, but it is not a judgment, as the holding in <u>Jenkins</u> requires for an appeal. On January 19, 2009, the appellate court clerk filed the record on appeal for appellate court case number 30193, but the record on appeal does not contain a judgment. Absent an appealable final judgment, this appeal is premature and we lack

jurisdiction.  Accordingly,

IT IS HEREBY ORDERED AND DECREED that this appeal is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i,  April 15, 2010.


Chief Judge


Associate Judge


Associate Judge