**Electronically Filed
Supreme Court
SCWC-16-0000800
16-OCT-2017
09:02 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---oOo---

_____

STATE OF HAWAIʻI, By Its Office of Consumer Protection,
Respondent/Plaintiff-Appellee,

vs.

DEBORAH ANN HOKULANI JOSHUA,
Petitioner/Defendant-Appellant,

and

RONALD R. RABANG and MATTHEW G. AIELLO,
Respondents/Defendants-Appellees.

_____

SCWC-16-0000800

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-16-0000800; CIV. NO. 08-1-1-0240)

OCTOBER 16, 2017

RECKTENWALD, C.J., NAKAYAMA, MCKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY McKENNA, J.

## I.    Introduction

Deborah Ann Hokulani Joshua ("Joshua"), a self-represented litigant, seeks review of the Intermediate Court of Appeals' ("ICA") February 16, 2017 "Order Granting December 12, 2016

Motion to Dismiss Appeal for Lack of Appellate Jurisdiction."
We hold the ICA did not err in dismissing Joshua's appeal for
lack of appellate jurisdiction because Joshua's November 6, 2016
third notice of appeal was untimely, and because we lack
jurisdiction to review the dismissal of Joshua's second notice
of appeal because she did not seek certiorari review of that
dismissal.

The dismissal of Joshua's June 16, 2015 second notice of
appeal under the circumstances of this case, however, causes us
to reexamine the impact on access to justice of our previous
mandate that appeals be dismissed when a purported circuit court
final judgment fails to meet appealability requirements. See
Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119,
869 P.2d 1334, 1338 (1994) (per curiam). Pursuant to our
supervisory powers under Hawaii Revised Statutes ("HRS") § 602-4
(2016),[1] we reinforce our advisement in Bailey v. Duvauchelle,
135 Hawai'i 482, 492, 353 P.3d 1024, 1034 (2015), that when
circuit courts intend their rulings to be final and appealable,
they must enter appealable final judgments. To more fully
address the concerns we expressed in Bailey, however, and as
more fully discussed in Section IV(C) below, we prospectively

_____

[1]    HRS § 602-4 provides, "The supreme court shall have the general
superintendence of all courts of inferior jurisdiction to prevent and correct
errors and abuses therein where no other remedy is expressly provided by
law."

hold that when a party to a circuit court civil case timely appeals a purportedly appealable final judgment later determined not to meet Jenkins requirements, rather than dismiss the appeal, the ICA must temporarily remand the case to the circuit court "in aid of its jurisdiction" pursuant to HRS § 602-57(3) (2016)[2] for entry of an appealable final judgment with a direction to the circuit court to supplement the record on appeal with the final judgment. This holding is consistent with our recent opinion in Waikiki v. Hoʻomaka Vill. Ass'n of Apartment Owners, 140 Hawai'i 197, 204, 398 P.3d 786, 793 (2017) (per curiam), in which we held that under the circumstances of that case, the ICA should have exercised its authority under HRS § 602-57(3) to remand for entry of an appealable final judgment instead of dismissing the appeal.

## II. Background

On February 4, 2008 the State of Hawai'i Office of Consumer Protection ("OCP") filed a complaint in the Circuit Court of the First Circuit ("circuit court")[3] seeking declaratory and

---

[2] HRS § 602-57(3) provides, in relevant part:

> **Jurisdiction.** Notwithstanding any other law to the contrary, the intermediate appellate court shall have jurisdiction[:]
> . . . .

(3) To make or issue any order or writ necessary or appropriate in the aid of its jurisdiction, and in such case, any judge may issue a writ or an order to show cause returnable before the court.

[3] The Honorable Bert I. Ayabe presided over the initial final judgment.

3

injunctive relief against Joshua and two other defendants for their involvement in a foreclosure rescue or equity-stripping scheme. Because Joshua did not answer the complaint, the circuit court entered default against her on March 10, 2008. The other two defendants each answered the complaint and filed cross-claims against Joshua.

On September 4, 2008, the circuit court issued a permanent injunction and default judgment against Joshua, enjoining her from participating in activities that involved real property in foreclosure or risk of foreclosure or that had a lien or encumbrance charged against it because of nonpayment of association fees or maintenance fees. The two other defendants entered into a stipulated permanent injunction and order. Final judgment was entered against all three defendants on May 14, 2009. No party appealed.

Six years later, on January 8, 2015, the circuit court[4] entered its "Findings of Fact, Conclusions of Law, Order of Contempt and Order Modifying Permanent Injunction," finding Joshua in willful contempt of the permanent injunction and ordering modification of the injunction ("modification order"). On January 23, 2015, Joshua filed a notice of appeal from the modification order, in CAAP-15-0000046. On April 14, 2015, the ICA dismissed Joshua's appeal for lack of jurisdiction because

---

[4] The Honorable Jeannette H. Castagnetti presided.

4

the circuit court had not entered an appealable final judgment incorporating the modification order.

After this dismissal, on June 8, 2015, OCP filed a motion requesting that the circuit court enter an amended final judgment and permanent injunction, and attached its proposed document as Exhibit "A."  Before the circuit court ruled, Joshua filed her second notice of appeal on June 16, 2015, in CAAP-15-0000915.  Joshua indicated that she was appealing OCP's amended final judgment and permanent injunction.  The circuit court then granted OCP's motion, and entered an amended final judgment and permanent injunction on September 25, 2015 ("amended final judgment").  The amended final judgment cited to Rule 58 of the Hawai'i Rules of Civil Procedure ("HRCP") (2010) and indicated that it was "intended to be a final judgment for all purposes, including appeal."

On June 28, 2016, however, the ICA entered a five-page order dismissing Joshua's second appeal for lack of appellate jurisdiction due to the lack of an appealable final judgment meeting Jenkins requirements.  The ICA provided a detailed explanation of the deficiencies in the amended final judgment. The ICA explained that the amended judgment did not specifically identify the claim or claims on which the court intended to enter judgment in favor of OCP and against Joshua, failed to enter judgment on OCP's claims against the other two defendants,

and did not expressly enter judgment on or state that the cross-claims against Joshua were dismissed.

The next day, OCP filed a motion requesting that the circuit court enter a second amended final judgment and permanent injunction to address shortcomings in the amended final judgment identified by the ICA.  On October 6, 2016, the circuit court entered a second amended final judgment ("second amended judgment") and permanent injunction.  Thirty-four days later, on November 9, 2016, Joshua filed her third notice of appeal, indicating she was appealing the circuit court's September 28, 2016 minute order granting OCP's June 29, 2016 motion requesting that it enter a second amended judgment.

On December 12, 2016, OCP filed a motion to dismiss Joshua's third notice of appeal for lack of appellate jurisdiction based on untimeliness, as it had been filed more than thirty days after the second amended judgment.  Joshua submitted payment of $315 for this third notice of appeal,[5] but she did not file an opposition to OCP's motion to dismiss.

On February 16, 2017, the ICA ruled on the motion to dismiss.  The ICA noted Joshua had failed to file a memorandum in response to OCP's motion.  Citing Hawai'i Rules of Appellate

---

[5]     In her first and second appeals in CAAP-15-0000046 and CAAP-15-0000915, Joshua's motions for leave to proceed on appeal in forma pauperis were granted by the ICA, and she paid no appellate fees.

6

Procedure ("HRAP") Rule 3(c)(2) (2015),[6] the ICA construed Joshua's third notice of appeal to be from the October 6, 2016 second amended judgment rather than from the September 28, 2016 minute order.  Because Joshua's third notice of appeal was not filed within thirty days of the October 6, 2016 second amended judgment as required by HRAP Rule 4(a)(1) (2016),[7] however, the ICA granted OCP's motion, and dismissed the appeal for lack of appellate jurisdiction.

Joshua filed an application for writ of certiorari alleging error in the ICA's jurisdictional ruling.  We accepted certiorari to address the issue of appellate jurisdiction.

### III. Standard of Review

"The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard."  Lester v. Rapp, 85 Hawai'i 238, 241, 942 P.2d 502, 505 (1997) (citation omitted).

"A court always has jurisdiction to determine whether it has jurisdiction over a particular case."  State v. Brandimart, 68 Haw. 495, 496, 720 P.2d 1009, 1010 (1986).

---

[6]     HRAP Rule 3(c)(2) provides that "[a]n appeal shall not be dismissed for informality of form or title of notice of appeal."

[7]     HRAP Rule 4(a)(1) provides  that "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order."

## IV.  Discussion

### A.  Background of the <u>Jenkins</u> separate judgment requirement and the requirement for dismissal of appeals for lack of appellate jurisdiction

Pursuant to Hawai'i Constitution article VI, section 1, our appellate courts have "appellate jurisdiction as provided by law."  HRS § 641-1 (2016) governs appeals in civil matters to the ICA and since 2010 has read:

> **§ 641-1 Appeals as of right or interlocutory, civil matters.** (a)  Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court to the intermediate appellate court, subject to chapter 602.
>
> (b)  Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from any interlocutory judgment, order, or decree whenever the circuit court may think the same advisable for the speedy termination of litigation before it.  The refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court.
>
> (c)  An appeal shall be taken in the manner and within the time provided by the rules of court.

The appeal to the ICA in this case is governed by HRS § 641-1(a) (2016) and concerns appellate jurisdiction over an appeal from a circuit court final judgment.  HRS § 641-1(b) (2016) provides that civil appeal deadlines are to be "provided by the rules of court" and HRS § 641-1(c) (2016) provides that "[a]n appeal shall be taken in the manner and within the time provided by the rules of court."  In general, HRAP Rule 4(a)(1) provides that "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of

the judgment or appealable order."  Thus, rules of court govern civil appeal deadlines as well as the manner in which civil appeals will be taken.

Before our 1994 opinion in Jenkins, we had held that "[w]hen the trial court's disposition of a case involving multiple claims or multiple parties is embodied in several orders, no one of which embraces the entire controversy but which collectively do so, it is a necessary inference from [HRCP] Rule 54(b) that the orders collectively constitute a final judgment and that entry of the last of the series of orders gives finality and appealability to all."  City and County of Honolulu v. Midkiff, 57 Haw. 273, 275, 554 P.2d 233, 234-35 (1976).  Thus, we previously allowed a series of orders to constitute an appealable "judgment."

In Jenkins, however, due to the burden on appellate courts of "searching a voluminous record for evidence of finality," and "to establish bright line rules so there will be little doubt in most cases about when an appeal may be taken," we set out specific requirements before appeals could be taken from circuit court final judgments in civil cases.  Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338.  We held:

> (1) An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP 58; (2) if a judgment purports to be the final judgment in a case involving multiple claims or

multiple parties, the judgment (a) must specifically
identify the party or parties for and against whom the
judgment is entered, and (b) must (i) identify the claims
for which it is entered, and (ii) dismiss any claims not
specifically identified; (3) if the judgment resolves fewer
than all claims against all parties, or reserves any claim
for later action by the court, an appeal may be taken only
if the judgment contains the language necessary for
certification under HRCP 54(b); and (4) an appeal from any
judgment will be dismissed as premature if the judgment
does not, <u>on its face</u>, either resolve all claims against
all parties or contain the finding necessary for
certification under HRCP 54(b).[8]

---

[8]     <u>Jenkins</u> requirements for appealable final judgments apply only to
appeals from circuit court civil cases under HRS § 641-1(a).  Accordingly,
the requirements do not apply to civil appeals from the district courts,
<u>Casupang v. ILWU, Local 142</u>, 91 Hawaiʻi 425, 427, 984 P.2d 1251, 1253 (1999).
<u>Jenkins</u> also does not apply to orders resolving post-judgment proceedings.
See <u>Ditto v. McCurdy</u>, 103 Hawaiʻi 153, 159, 80 P.3d 974, 980 (2003) ("Clearly,
the rule in <u>Jenkins</u> . . . is limited to circuit court orders disposing of
claims raised in a circuit court complaint.") (emphasis omitted).  Pursuant
to <u>Bailey</u>, 135 Hawaiʻi 482, 353 P.3d 1024, however, an order on a HRCP Rule
60(b) motion for relief from a final judgment is not appealable without an
underlying judgment that is a final, appealable judgment under <u>Jenkins</u>.
     Despite the above-quoted language in <u>Ditto</u> stating that the <u>Jenkins</u>
rule "is limited to circuit court orders disposing of claims raised in a
circuit court complaint," we also applied the <u>Jenkins</u> separate judgment
requirement to a circuit court case involving a verified petition seeking
judicial forfeiture of property.  <u>Carlisle v. One (1) Boat</u>, 119 Hawaiʻi 245,
254, 195 P.3d 1177, 1186 (2008).
     <u>Jenkins</u> does not apply where statutes other than HRS § 641-1(a) govern
appealability, such as in the child custody or arbitration contexts.  See <u>In
re Doe</u>, 77 Hawaiʻi 109, 114 n.9, 883 P.2d 30, 35 n.9 (1994) ("We note that,
due to the nature of 'final' judgment in child custody cases, the
requirements for appealability set forth in [<u>Jenkins</u>] are inapplicable in
such custody cases"); <u>Oppenheimer v. AIG Hawaiʻi Ins. Co.</u>, 77 Hawaiʻi 88, 92-
93, 881 P.2d 1234, 1238-39 (1994) ("Based upon well-established principles of
statutory construction, the more specific Arbitration and Award statute, HRS
chapter 658, must prevail over the general appeal statute, HRS § 641-1.").
<u>Jenkins</u> also does not apply to immediately appealable collateral orders.  <u>See</u>
e.g., <u>Siangco v. Kasadate</u>, 77 Hawaiʻi 157, 160-61, 883 P.2d 78, 81-82 (1994)
("[W]e have held that '[c]ertain collateral orders affecting rights which are
independent of, and separable from the rights asserted in the main action . .
. are 'immediately appealable since they may not be effectively reviewable
and rights could be lost, perhaps irretrievably, if review invariably had to
await final judgment.'"); <u>Greer v. Baker</u>, 137 Hawaiʻi 249, 255, 369 P.3d 832,
837 (2016) (denial of absolute immunity claim is an immediately appealable
collateral order).  In addition, in a HRS § 641-1(b) appeal where there is a
proper HRCP Rule 54(b) certification of entry of a final judgment of "one or
more but fewer than all of the claims or parties" along with "an express
determination that there is no just reason for delay[,]" the <u>Jenkins</u>
requirement for a final judgment on all claims and parties does not apply.
See <u>Weinberg v. Mauch</u>, 78 Hawaiʻi 40, 46, 890 P.2d 277, 283 (1995) (HRCP Rule
                                                  (continued. . .)

Id. (emphasis added).  We also held:

> [A]fter March 31, 1994 an appeal from an order that purports to be a final order as to all claims and parties in civil cases may be taken only after the order has been reduced to a judgment in favor of or against the parties. If claims are resolved by a series of orders, a final judgment upon all the claims must be entered.  The "judgment shall not contain a recital of the pleadings," HRCP 54(a), but it must, on its face, show finality as to all claims against all parties.  An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed[.]

Jenkins, 76 Hawai'i at 119-20, 869 P.2d at 1338-39 (latter emphasis added; footnotes omitted).

Thus, in Jenkins, we redefined what would constitute an appealable "judgment" and began enforcing the separate judgment requirement of HRCP Rule 58.  We held an appealable final judgment, for purposes of HRS § 641-1(a), must be set forth in a separate judgment that also meets the requirements for a final judgment set forth in the opinion.  Consistent with our previous case law requiring dismissal of civil appeals lacking appellate jurisdiction for lack of a "final order" under HRS 641-1(a), see Familian Northwest, Inc. v. Cent. Pac. Boiler & Piping, Ltd., 68

---

(continued. . .)
54(b) certification of decree of foreclosure); Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 ("If a judgment purports to be certified under HRCP 54(b), the necessary finding of no just reason for delay . . . must be included in the judgment.") (citation omitted).  Jenkins also does not apply to appeals under the Forgay doctrine (which, in limited circumstances, permits a direct appeal from an interlocutory order that commands the immediate transfer of property).  Lambert v. Teisina, 131 Hawai'i 457, 461 & 461 n.8, 319 P.3d 376, 380 & 380 n.8 (2014).
The ICA has also held that the Rule 58 separate judgment requirement of Jenkins applies to circuit court rulings on appeals from administrative agencies.  See Raquinio v. Nakanelua, 77 Hawai'i 499, 500, 889 P.2d 76, 77 (App. 1995).

Haw. 368, 369, 714 P.2d 936, 937 (1986), Jenkins also held that an appeal from an "order" not reduced to "a judgment" would be dismissed.   76 Hawai'i at 119, 869 P.2d at 1338.

Until July 1, 2006, all appeals initially came directly to this court rather than to the ICA.   See 2004 Haw. Sess. Laws Act 202, § 55 at 939.   After Jenkins, we began dismissing appeals or approved dismissal of appeals where the circuit court had entered a judgment intended to be final, but the judgment did not comply with Jenkins requirements.[9]

In our 2015 Bailey opinion, we examined certain problems resulting from dismissal of appeals based on failure of a purported final judgment to meet Jenkins requirements:

> This case illustrates the problems that can arise when the requirements of finality set forth in Jenkins are not met.   The circuit courts are required to render appealable final judgments that comport with the requirements of Jenkins, and should resolve any material deficiency in a judgment that is brought to their attention.   Where a party requests that the circuit court enter an appealable judgment after an appellate court dismissed an appeal for lack of appellate jurisdiction based on non-compliance with Jenkins, and the circuit court intended its ruling to be final and appealable, the circuit

---

[9]   See, e.g., Association of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 103 n.5, 58 P.3d 608, 614 n.5 (2002) (noting dismissal of initial appeal, because initial judgment did not comply with Jenkins and a "final [appealable] judgment which did not differ substantively or in the monetary amount specified was subsequently entered[.]"); Kaho'ohanohano v. Dep't of Human Servs., 117 Hawai'i 262, 280 n.28, 178 P.3d 538, 556 n.28 (2008) (noting that the ICA previously dismissed DHS' appeal for lack of appellate jurisdiction due to the lack of an appealable final judgment meeting Jenkins requirements); County of Hawai'i v. Ala Loop Homeowners, 123 Hawai'i 391, 401, 235 P.3d 1103, 1113 (2010) (noting that this court had dismissed a previous appeal because the judgment did not comply with Jenkins); Oahu Publ'ns, Inc. v. Abercrombie, 134 Hawai'i 16, 20, 332 P.3d 159, 163 (2014) (noting that the ICA had dismissed a previous appeal because the former judgment did not satisfy Jenkins requirements).

12

> court must enter an appealable judgment.  Also, upon learning of such a dismissal and determining that there are no further proceedings in the appellate courts, the circuit court should consider appropriate steps to correct the deficiency, including directing the prevailing party to prepare and submit a proposed appealable final judgment. See HRCP Rule 58.  Lastly, we emphasize that the parties should assist the courts in ensuring that appealable final judgments are entered, including when an appellate court dismissed an appeal on that basis.

Bailey, 135 Hawai'i at 491-92, 353 P.3d at 1033-34 (footnotes omitted).

More recently, in Waikiki, we held where an appellant had made several attempts to secure a final judgment, including submitting a proposed final judgment to the circuit court for approval and entry and seeking relief from the ICA for an order compelling the circuit court to enter a final judgment, "the ICA should have exercised its authority under HRS § 602-57(3) to direct the circuit court to enter an appropriate appealable final judgment."  Waikiki, 140 Hawai'i at 204, 398 P.3d at 793.

Under this backdrop, we turn to our analysis of this case.

**B.   Appellate jurisdiction does not exist because Joshua's third notice of appeal was untimely.**

As noted above, Joshua filed three notices of appeal.  Her first notice of appeal was dismissed by the ICA for lack of appellate jurisdiction based on Jenkins because no final judgment had entered from which to appeal.  Her second notice of appeal was dismissed because the circuit court's amended final judgment, although purportedly a final judgment, did not meet

13

Jenkins requirements.  We note that Joshua did not seek certiorari review of this dismissal.  Joshua's third notice of appeal, which led to this certiorari proceeding, was dismissed for lack of appellate jurisdiction because it was filed thirty-four days after the appealable October 6, 2016 second amended final judgment.

This thirty-fourth day filing occurred after the thirty-day limit for filing an appeal set by HRAP Rule 4(a)(1).  Thus, Joshua's third notice of appeal did not result in appellate jurisdiction.

## C.   Prospective Rule

Although we lack appellate jurisdiction over this case, the dismissal of Joshua's June 16, 2015 second notice of appeal and the circumstances of this case causes us to reexamine the impact on access to justice of our previous mandate that appeals be dismissed when a purported circuit court final judgment fails to meet appealability requirements. Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.  Pursuant to our supervisory powers under HRS § 602-4 (2016),[10] we reinforce our advisement in Bailey, that where a circuit court intends its ruling to be final and appealable,

---

[10]    HRS § 602-4 provides, "**Superintendence of inferior courts.**  The supreme court shall have the general superintendence of all courts of inferior jurisdiction to prevent and correct errors and abuses therein where no other remedy is expressly provided by law."

it must enter an appealable final judgment.  Bailey, 135 Hawai'i at 492, 353 P.3d at 1034.

To more fully address the concerns we expressed in Bailey, and consistent with a post-Jenkins amendment to HRS 641-1(a) making civil appeals subject to HRS Chapter 602, as discussed below, we also prospectively hold that when a party to a circuit court civil case appeals what is purported to be a final and appealable judgment, but the judgment does not meet Jenkins requirements, rather than dismiss the appeal, the ICA must temporarily remand the case "in aid of its jurisdiction" for entry of an appealable final judgment pursuant to HRS § 602-57(3), with a direction to the circuit court to supplement the record on appeal with the final judgment.

This holding is consistent with our recent opinion in Waikiki, in which we held that under the circumstances of that case, the ICA should have exercised its authority under HRS § 602-57(3) to temporarily remand the case to the circuit court for entry of an appealable final judgment instead of dismissing the appeal.  Waikiki, 140 Hawai'i at 204, 398 P.3d at 793.  In Waikiki, the ICA had actually followed our precedent by dismissing for lack of appellate jurisdiction because the final judgment failed to meet Jenkins requirements.[11]  Without further

---

[11]    See n.9, supra, and accompanying text.

15

explanation as to why remand should have been ordered, we cited to HRS § 602-57(3) and held the ICA, under the circumstances of that case, should have temporarily remanded the case for entry of an appealable final judgment rather than dismiss the appeal.

In this regard, although not discussed in Waikiki, we note the statute governing civil appeals to the ICA from final judgments, HRS § 641-1(a), differed at the time of Jenkins from the version applicable in Waikiki. The relevant change from the 1993 version applicable in Jenkins and the version governing Waikiki, which is still in effect, is noted with the addition underlined: "Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts . . . subject to chapter 602." The additional language took effect in 2004. 2004 Haw. Sess. Laws Act 202, § 66 at 943.

Thus, since 2004, HRS § 641-1(a) has become subject to HRS Chapter 602. HRS § 602-57(3), which we cited in Waikiki as authority for the ICA to remand instead of dismiss, provides, "[T]he intermediate appellate court shall have jurisdiction . . . [t]o make or issue any order or writ necessary or appropriate in the aid of its jurisdiction, and in such case, any judge may issue a writ or an order to show cause returnable before the court."

Pursuant to Hawai'i Constitution article VI, section 1, appellate jurisdiction is governed by law. After the 2004

amendment, appeals of civil matters to the ICA are now "subject to" HRS Chapter 602.  HRS § 602-57(3), which is within HRS Chapter 602, expressly permits the ICA "[t]o make or issue any order or writ necessary or appropriate in the aid of its jurisdiction."

As noted, "[t]he policy of this court has always been to permit litigants, where possible, to appeal and hear the case on its merits."  Jones v. Dicker, 39 Haw. 208, 209 (Haw. Terr. 1952).  Dismissal of appeals for lack of appellate jurisdiction because a purportedly appealable final judgment fails to meet Jenkins requirements has required litigants to bear unnecessary expense and delay in having their appeals addressed on the merits.  As in this case, after dismissals of appeals on this basis, parties have incurred time and expense to file motions to have the circuit court correct errors in the previous purportedly appealable final judgment.  In this case, Joshua was granted in forma pauperis status and did not incur appellate filing fees for her first two appeals.  She did, however, pay for her third appeal.  Many appellants do not qualify for in forma pauperis status, subjecting them to multiple appellate filing fees when appeals are dismissed due to the failure of a purported final judgment to meet Jenkins requirements.  Moreover, in most cases, the party seeking to appeal is not even responsible for deficiencies in the final judgment, as Rule 23

17

of the Rules of the Circuit Courts of the State of Hawaiʻi

("RCCSH") (2010) requires the prevailing party to prepare and

submit the proposed form of judgment to the circuit court.[12]

Therefore, our prospective rule is in the interests of access to

justice.

Finally, the prospective rule is also consistent with HRAP

Rule 4(a)(2)(2016), which provides that "[i]f a notice of appeal

is filed after announcement of a decision but before entry of

the judgment or order, such notice shall be considered as filed

immediately after the time the judgment or order becomes final

for the purpose of appeal." An appeal of a defective final

judgment is tantamount to a premature notice of appeal awaiting

---

[12]    RCCSH Rule 23 provides, in relevant part:

> **Rule 23.   SETTLEMENT OF JUDGMENTS, DECREES, AND ORDERS.**
>      **(a) Preparation.**  Within 10 days after a decision of
> the court awarding any judgment, decree, or order,
> including any interlocutory order, the prevailing party,
> unless otherwise ordered by the court, shall prepare a
> judgment, decree, or order in accordance with the decision,
> attempt to secure approval as to form from all other
> parties, and following such approval deliver the original
> and 1 copy to the court.
>      **(b) Party Approval or Objection to Form; Delivery to
> Court.**  If there is no objection to the form of a proposed
> judgment, decree, or order, the other parties shall
> promptly approve as to form.  If a proposed judgment,
> decree, or order is not approved as to form by the other
> parties within 5 days after a written request for approval,
> the drafting party shall deliver the original and 1 copy to
> the court along with notice of service on all parties and
> serve a copy thereof upon each party who has appeared in
> the action. . . .
>           . . . .
>      **(e)  Request for Entry.**  If the drafting party fails
> to timely submit a proposed judgment, decree, or order to
> the court, any other party may present a proposed judgment,
> decree, or order to the court for approval and entry.

entry of an appealable final judgment under HRAP Rule 4(a)(2).

Requiring a temporary remand for entry of an appealable judgment

to effectuate the appeal is consistent with the intent of HRAP

Rule 4(a)(2).[13]

For all of these reasons, we prospectively hold that when a

party to a circuit court civil case timely appeals a purported

final judgment that does not meet Jenkins requirements, the ICA

must temporarily remand the case "in aid of its jurisdiction"

pursuant to HRS § 602-57(3) for entry of an appealable final

judgment, with a direction to the circuit court to supplement

the record on appeal with the final judgment.[14] HRAP Rule 42(b)

(2016) governs if the parties reach a settlement after remand

for entry of a final judgment.

---

[13]   HRAP Rule 4(a)(2) is based on Federal Rules of Appellate Procedure Rule 4(a)(2).  According to the Ninth Circuit Court of Appeals, a premature notice of appeal is valid only when all that remains is the ministerial task of entering the final judgment (or appealable order).  In Re Jack Raley Const., Inc., 17 F.3d 291, 294 (9th Cir. 1994) (citing American Totalisator Co. v. Fair Grounds Corp., 3 F.3d 810, 813 (5th Cir. 1993)).  We applied HRAP Rule 4(a)(2) in Cho v. State, 115 Hawai'i 373, 168 P.3d 17 (2007), in which we held a notice of appeal was effective when the circuit court's appealable judgment was filed two days after the premature notice of appeal.  Cho, 115 Hawai'i at 380, 168 P.3d at 24.  If an appeal has been dismissed before entry of the appealable judgment or order, however, a timely appeal of the appealable judgment or order is required to trigger appellate jurisdiction.

[14]   Although the ICA has discretion to apply HRS § 602-57(3) in other contexts in which appellate jurisdiction could exist based on entry of a document triggering appellate jurisdiction, we do not expand the requirement of remand to other contexts at this time, since this could implicate one of the concerns leading to our holding in Jenkins:  the burden on appellate courts of "searching a voluminous record for evidence of finality" or other grounds for appealability.  Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

## V.   Conclusion

In this case, Joshua's November 9, 2016 third notice of appeal was not a timely appeal from the circuit court's October 6, 2016 appealable second amended final judgment.  Thus, the ICA did not err in ruling that it lacks appellate jurisdiction over Joshua's appeal. We therefore affirm the ICA's Judgment on Appeal dismissing Joshua's untimely November 9, 2016 notice of appeal.

Deborah Ann Hokulani Joshua
petitioner pro se

James F. Evers
for respondent
State of Hawai'i

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

