**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000850
27-JUN-2024
09:13 AM
Dkt. 164 SO**

NO. CAAP-18-0000850

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GABI K. COLLINS, Plaintiff-Appellant, v.
THE ASSOCIATION OF APARTMENT OWNERS OF KEMOO BY THE LAKE;
EKIMOTO & MORRIS, LLLC, Defendants-Appellees,
and
JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100;
and DOE CORPORATIONS 1-100, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-2513-09 VLC)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Wadsworth and Nakasone, JJ.)

Self-represented Plaintiff-Appellant Gabi Kim Collins (**Collins**) appeals from the July 2, 2018 Final Judgment as to All Claims and Parties (**Judgment**), entered in favor of Defendants-Appellees The Association of Apartment Owners of Kemoo by the Lake (the **AOAO**) and Ekimoto & Morris, LLLC (**E&M**) (collectively, **Defendants**) by the Circuit Court of the First Circuit (**Circuit Court**). Collins also appears to challenge the Circuit Court's:

(1) July 20, 2016 "Order Granting . . . [E&M's] Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on . . . Collins'[s] Complaint Filed on September 7, 2013 (Motion Filed November 23, 2015)" (**Order Granting E&M's MTD/MSJ**);

(2) July 20, 2016 "Order Denying . . . Collins'[s] Motion to Vacate and Set Aside Wrongful Non-judicial Foreclosure Sale Under [Hawai'i Rules of Civil Procedure (**HRCP**)] Rule 60(b)(3), (4), and

(6) (Filed July 21, 2015)" (**Order Denying Motion to Vacate Foreclosure**);

(3) March 19, 2018 "Order Granting in Part and Denying in Part [Collins's] Motion to Vacate and Set Aside Orders Entered July 20, 2016, Under HRCP Rule 60(b)(3), (4), and (6), or in the Alternative, Revise Decision Under Rule 54(b) (Non-hearing Motion filed July 20, 2017)" (**Order on Motion to Vacate July 20, 2016 Orders**); and

(4) July 2, 2018 "Order Granting [AOAO's] Motion for Summary Judgment, Filed on May 16, 2018" (**Order Granting AOAO's MSJ**).[1]

For the reasons explained below, we affirm in part, vacate in part, and remand.

## I. Background

On September 17, 2013, Collins filed a 14-count Complaint against the AOAO and its counsel E&M, an *ex parte* motion for temporary restraining order (**TRO**), and a motion for preliminary injunction to prevent Defendants from proceeding with a pending nonjudicial foreclosure of the AOAO's lien on Collins's unit (**Unit**) in the Kemoʻo by the Lake condominium project. Collins alleged, among other things, that in 2009, she began to withhold payment of monthly assessments to the AOAO, partially due to the AOAO's failure to address a pest infestation problem and partially due to Collins's financial inability to pay the monthly assessments because of the economic downturn. The AOAO's attempts to collect the past due amounts owed by Collins allegedly led to a "deficient nonjudicial foreclosure" process and related "unfair and deceptive collection activities" by Defendants. The Complaint asserted the following claims: (1) breach of contract against the AOAO (Count I); (2) breach of fiduciary duty against the AOAO (Count II); (3) negligence, gross negligence and violation of Hawaii Revised Statutes (**HRS**) §§ 514A

---

[1] The Honorable James C. McWhinnie entered the Judgment and the Order Granting AOAO's MSJ. The Honorable Virginia L. Crandall entered the Order Granting E&M's MTD/MSJ, the Order Denying Motion to Vacate Foreclosure, and the Order on Motion to Vacate July 20, 2016 Orders.

and 514B against the AOAO (Count III); breach of the covenant of good faith and fair dealing against the AOAO (Count IV); violation of HRS § 667 against the AOAO (Count V); violation of HRS § 480-2 against the AOAO and E&M (Count VI); violation of HRS § 480D-1 against E&M (Count VII); violation of the Federal Debt Collection Practices Act (**FDCPA**) against E&M (Count VIII); and civil conspiracy/joint and several liabilities against the AOAO and E&M (Count IX).

The Circuit Court conducted a two-day evidentiary hearing on the motion for preliminary injunction. On October 30, 2013, the court entered its order denying the motion (**Order Denying Preliminary Injunction**), which included extensive findings of fact and conclusions of law, dissolved the previously entered TRO, and allowed the scheduled non-judicial foreclosure sale of the Unit to go forward.[2]

A few hours after the Order Denying Preliminary Injunction was filed, Collins filed a voluntary Chapter 13 petition in the United States Bankruptcy Court for the District of Hawaii. After Collins failed to offer a viable Chapter 13 plan, on August 29, 2014, the bankruptcy court dismissed the Chapter 13 case. On November 7, 2014, a public sale of the Unit was held, and the Unit was sold, subject to the mortgage and the AOAO's lien, to the AOAO.

On July 21, 2015, Collins filed a motion to vacate and set aside the foreclosure sale, pursuant to HRCP Rule 60(b)(3),(4), and (6) (**Motion to Vacate Foreclosure**), making many of the same allegations and arguments that were resolved in the Order Denying Preliminary Injunction. E&M opposed the motion, arguing that it had followed the relevant procedures required by then-applicable HRS §§ 667-22, -96(d), and -92(f)(3), and the AOAO later filed a supplemental brief opposing the motion. Following hearings on December 8, 2015, and February 16, 2016, the Circuit Court denied the motion via a May 31, 2016 minute order and the July 20, 2016 Order Denying Motion to Vacate

---

[2] On appeal, Collins does not challenge the Order Denying Preliminary Injunction or any of the findings of fact contained in the order. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002) (unchallenged findings of fact are binding on appeal).

Foreclosure.

Meanwhile, on November 23, 2015, E&M filed a motion to dismiss the Complaint or, alternatively, for summary judgment (**E&M's MTD/MSJ**).  The AOAO joined the motion and Collins opposed it.  Following a February 16, 2016 hearing, the Circuit Court granted the motion via a May 31, 2016 minute order and the July 20, 2016 Order Granting E&M's MTD/MSJ.

On July 29, 2016, Collins filed a motion for reconsideration, which was opposed on August 9, 2016, and denied on September 30, 2016.

On July 20, 2017, Collins filed a motion to vacate and set aside the orders entered on July 20, 2016, which was opposed on August 1 and 2, 2017, and granted in part and denied in part via the March 19, 2018 Order on Motion to Vacate July 20, 2016 Orders.

On March 21, 2018, Collins filed a motion for equitable estoppel pertaining to the July 20, 2017 motion to vacate, which was opposed on March 29 and April 2, 2018, and denied on June 29, 2018.

On May 16, 2018, the AOAO filed a motion for summary judgment.  Following a June 5, 2018 hearing, the Circuit Court granted the motion via the July 2, 2018 Order Granting AOAO's MSJ.

On July 2, 2018, the Judgment was entered.  On July 12, 2018, Collins filed a motion for reconsideration, styled as a motion for "new trial," which was opposed by the AOAO on July 24, 2018, and denied on October 2, 2018.

## II.  Discussion

On appeal, Collins contends that the Circuit Court erred by:  (1) dismissing her claims against E&M with prejudice based on a finding that E&M was not a "debt collector" for purposes of HRS §§ 480-2 and 480D-1 and the FDCPA; (2) denying Collins's Motion to Vacate Foreclosure, where the AOAO violated HRS Chapter 667, Part VI;[3] (3) entering the Judgment and finding

_____

[3]    E&M asserts that the nonjudicial foreclosure of the Unit was conducted pursuant to HRS Chapter 667, Part VI.

4

that all claims were resolved, where the Circuit Court "missed" Counts I-V of the Complaint; (4) granting summary judgment in favor of the AOAO; and (5) "applying the wrong pleading standard" in dismissing all claims against E&M with prejudice and granting summary judgment in favor of the AOAO.  Collins also contends that one of her former attorneys, James Porter DeVries (**DeVries**) violated Rules 1.16, 1.17 and 4.1 of the Hawaiʻi Rules of Professional Conduct (**HRPC**).[4/]

We address Collins's contentions as they relate to her claims against the AOAO first.  We then turn to her contentions as they relate to E&M and DeVries.

## A.    Claims Against the AOAO

Collins's second and fourth contentions (supra) are dispositive of her claim that the AOAO violated HRS chapter 667 in conducting the nonjudicial foreclosure of its lien on the Unit (Count V).  Collins argues in part that the nonjudicial foreclosure was invalid under Sakal v. Ass'n of Apartment Owners of Hawaiian Monarch, 143 Hawaiʻi 219, 426 P.3d 443 (App. 2018), aff'd in part, vacated in part, remanded, 148 Hawaiʻi 1, 466 P.3d 399 (2020), because there was no contract authorizing the Association's power of sale.  In Sakal, this court held that in order for an association to avail itself of the nonjudicial power of sale foreclosure procedures set forth in HRS chapter 667, a power of sale in its favor must have existed in association bylaws or in another enforceable agreement with unit owners.  143 Hawaiʻi at 220-21, 426 P.3d at 444-45; see Malabe v. Ass'n of Apartment Owners of Exec. Ctr., 147 Hawaiʻi 330, 339, 465 P.3d 777, 786 (2020).

In response, E&M argues in part that the AOAO documents differ from those in Sakal.  E&M contends that the Declaration of Horizontal Property Regime of Kemoo by the Lake (**Declaration**) explicitly provides for foreclosure via the Horizontal Property Act, HRS chapter 514A, and the By-Laws of the Association of Apartment Owners of Kemoo by the Lake (**Bylaws**) discuss the costs of collecting delinquent assessments and "foreclosing its lien

---

[4/]    Collins's points of error have been restated for clarity.

therefor."

Similar arguments were rejected in <u>Sakal</u>. <u>See</u> 143 Hawaiʻi at 229-30, 426 P.3d at 453-54. Neither the Declaration nor the Bylaws unambiguously gave the AOAO a power of sale over its units. The AOAO's nonjudicial foreclosure of Collins's Unit was not authorized by an enforceable agreement with unit owners.

E&M further argues that Act 282 of 2019 (**Act 282**) "confirms the legislative intent that condominium associations should be able to use nonjudicial foreclosure to collect delinquencies regardless of the presence or absence of power of sale language in an association's governing documents." 2019 Haw. Sess. Laws Act 282, § 1 at 780. In other words, E&M argues that under Act 282, the legislature "clarified its preexisting intent to have a power of sale for non-judicial foreclosure incorporated by law into condominium association documents[.]"

In <u>Malabe</u>, the supreme court instructed that "although not binding on state courts, the decision of the United States District Court for the District of Hawaiʻi that Act 282 is unconstitutional as violative of the Contracts Clause [of Article I, § 10 of the United States Constitution] would be entitled to respectful consideration." 147 Hawaiʻi at 355, 465 P.3d at 802 (citing <u>State v. Gates</u>, 576 P.2d 1357, 1359 (Ariz. 1978)); <u>see</u> <u>Galima v. Ass'n of Apartment Owners of Palm Court</u>, 453 F. Supp. 3d 1334, 1355-56 (D. Haw. 2020). In light of <u>Galima</u> and the supreme court's instruction in <u>Malabe</u>, we cannot say that Act 282 retroactively validated the AOAO's nonjudicial foreclosure of Collins's Unit and extinguished her ability to recover for the alleged violation of HRS chapter 667, which we construe at least in part as a wrongful foreclosure claim. We thus conclude that the Circuit Court erred in denying the Motion to Vacate Foreclosure and in entering summary judgment in favor of the AOAO on Count V.

Our conclusion also undermines the grant of summary judgment in favor of the AOAO on Counts I through IV and VI. Each of these claims is based in part on the allegation that the AOAO breached a legal duty owed to Collins by failing to ensure that its attorneys' fees and costs were reasonable "before

6

passing them off to [Collins]," or by related misrepresentations, including fees and costs incurred in connection with the non-judicial foreclosure of the Unit.  Defendants do not dispute that Collins was charged such fees and costs.  Because we have determined that the nonjudicial foreclosure was unauthorized, the fees and costs related to the foreclosure were not reasonably charged to Collins.  We therefore conclude that the Circuit Court erred in entering summary judgment in favor of the AOAO on Counts I through IV and VI.[5]

Collins raises no point of error or argument regarding the dismissal of her civil conspiracy claim (Count IX).  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) and (7) ("Points not argued may be deemed waived.")  In any event, based on our analysis of the civil conspiracy claim against E&M (infra), we conclude that the Circuit Court did not err in entering summary judgment in favor of the AOAO on Count IX.

Given our rulings regarding Counts I through VI, we do not reach Collins's remaining contentions as they relate to her claims against the AOAO.

**B.  Claims Against E&M**

Collins contends that dismissal of her "consumer protection claims" against E&M was improper because E&M was a "debt collector" for purposes of those claims, and the litigation privilege was inapplicable because the nonjudicial foreclosure was not a judicial proceeding.

In Count VI, Collins alleged that she was entitled to relief against the AOAO and E&M under HRS § 480-2, Hawaii's UDAP statute.  In Counts VII and VIII, Collins sought relief against E&M under HRS chapter 480D and the FDCPA, respectively.  The Circuit Court dismissed these three claims as to E&M in the July 20, 2016 Order Granting E&M's MTD/MSJ.  In so doing, the

---

[5]    Collins contends that the Circuit Court erred in entering the Judgment and finding that all claims were resolved, where the court "missed" Counts I-V of the Complaint.  The Judgment complied with HRCP Rule 54(b) and Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 869 P.2d 1334 (1994), because it specifically identifies the parties "for and against whom the judgment is entered" and identifies all "claims for which it is entered" and dismisses all claims "not specifically identified."  Id. at 116, 869 P.2d at 1335.  Collins's contention therefore lacks merit.

7

Circuit Court ruled in part that E&M was not a debt collector for purposes of Counts VII and VIII. In its March 19, 2018 Order on Motion to Vacate July 20, 2016 Orders, the court amended the Order Granting E&M's MTD/MSJ so as to dismiss Counts VII and VIII "for the additional ground that [Collins's] claims alleging misrepresentation regarding attorneys' fees and costs are without merit."

In Hungate v. Law Office of David B. Rosen, 139 Hawaiʻi 394, 391 P.3d 1 (2017), abrogated on other grounds by State ex rel. Shikada v. Bristol-Myers Squibb Co., 152 Hawaiʻi 418, 526 P.3d 395 (2023), a case arising out of a non-judicial foreclosure, the supreme court declined to recognize a mortgagor's UDAP claim under HRS § 480-2 against the mortgagee's attorney, explaining in part that "in foreclosure actions an attorney's justifiable concern with being sued by the opposing party for UDAP could compromise the attorney's ability to zealously represent his or her client." 139 Hawaiʻi at 413, 391 P.3d at 20. Collins makes no argument distinguishing Hungate, and we conclude that it applies to Collins's HRS § 480-2 claim against E&M. Accordingly, the Circuit Court did not err in dismissing Count VI as to E&M.

HRS Chapter 480D covers "collection activities by debt collectors in collecting consumer debts." HRS § 480D-1 (2008); see HRS § 480D-3 (2008) (listing practices prohibited for debt collectors to engage in while collecting a consumer debt). E&M argues that the Circuit Court properly ruled that it was not a "debt collector" within the meaning of HRS chapter 480D. HRS § 480D-2 (2008) defines a "debt collector" as "any person, who is not a collection agency regulated pursuant to chapter 443B, and who in the regular course of business collects or attempts to collect consumer debts owed or due or asserted to be owed or due to the collector." (Emphasis added.)

Collins alleged in the Complaint that E&M "serves as the AOAO's law firm and agent, engaging in collection activities on behalf of the AOAO." As such, E&M was working to collect a debt owed to the AOAO, and was not attempting to collect a debt owed, or asserted to be owed, to E&M. See HRS § 480D-2. Collins

did not allege or show she owed a debt to E&M. Thus, Collins failed to state a claim upon which relief could be granted against E&M under HRS Chapter 480D, and for purposes of the alternative summary judgment motion failed to present a genuine issue of material fact as to the elements of such a claim. <u>See Au v. Ass'n of Apartment Owners of Royal Iolani</u>, Nos. CAAP-16-0000464 and CAAP-16-0000654, 2021 WL 225936, at *11 (Haw. App. Jan. 22, 2021) (mem. op.). The Circuit Court did not err in dismissing Count VII as to E&M.

The FDCPA defines a "debt collector" differently than HRS Chapter 480D. <u>See</u> 15 U.S.C. § 1692(a)(6). However, we need not decide whether E&M was a "debt collector" for purposes of the FDCPA, as the Circuit Court ruled that the allegations on which the claim is based – alleged misrepresentations by E&M regarding attorneys' fees and costs – are without merit. Specifically, E&M's MTD/MSJ relied in part on the Circuit Court's October 30, 2013 Order Denying Preliminary Injunction, which contained uncontested findings of fact regarding E&M's communications with Collins, and determined in part that Collins failed to submit any evidence supporting the alleged violations of the FDCPA. Collins does not point to any evidence she submitted below to show that E&M made misrepresentations that violated the FDCPA. Thus, the Circuit Court did not err in granting summary judgment in favor of E&M on Count VIII.

Collins raises no point of error or argument regarding the dismissal of her civil conspiracy claim (Count IX). <u>See</u> HRAP Rule 28(b)(4) and (7) ("Points not argued may be deemed waived.") In any event, based on the dismissal of the underlying claims against E&M and the court's reasoning in <u>Hungate</u>, we conclude there can be no claim for civil conspiracy against E&M under these circumstances, and the Circuit Court did not err in dismissing Count IX.

## C. Allegations Against DeVries

Collins contends that DeVries, her former counsel, violated HRPC Rules 1.16, 1.7 and 4.1 by failing to disclose that he was employed as a foreclosure commissioner in Kona and by failing to protect her interest "upon his untimely withdrawal."

DeVries was not named in the Complaint, was not a party to the proceedings below, and is not a party to this appeal. Any claim by Collins against DeVries is not properly before this court.

### III. Conclusion

For the reasons discussed above, the July 2, 2018 Final Judgment as to All Claims and Parties, entered by the Circuit Court of the First Circuit, is affirmed in part and vacated in part. The Circuit Court's dismissals of Counts I through VI as to Defendant-Appellee The Association of Apartment Owners of Kemoo by the Lake are vacated. The Final Judgment is otherwise affirmed. The case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, June 27, 2024.


On the briefs:

Gabi K. Collins
Self Represented Plaintiff-
Appellant.

James Shin and
Jodie D. Roeca
(Roeca Luria Shin LLP)
for Defendants-Appellees.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

10