**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000429
28-JUN-2024
08:00 AM
Dkt. 160 SO**

NOS. CAAP-20-0000429 and CAAP-20-0000527

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


**CAAP-20-0000429**
PRIVATE CAPITAL GROUP, INC., a Utah Corporation,
Plaintiff-Appellee, v. COCO PALMS HUI, LLC, a Delaware Limited
Liability Company; TYLER SCOTT GREENE, Defendants-Appellees,
and
CHAD WATERS, Defendant-Appellant,
and
PAUL M. HONKAVAARA dba Chartered Financial Group,
Defendant-Appellee,
and
DOE DEFENDANTS 1-50, Defendants
(CASE NO. 5CC191000086)


and


**CAAP-20-0000527**
PRIVATE CAPITAL GROUP, INC., a Utah Corporation,
Plaintiff-Appellee, v. COCO PALMS HUI, LLC, a Delaware Limited
Liability Company; TYLER SCOTT GREENE, Defendants-Appellees,
and
CHAD WATERS, Defendant-Appellee,
and
PAUL M. HONKAVAARA dba Chartered Financial Group,
Defendant-Appellant,
and
DOE DEFENDANTS 1-50, Defendants
(CASE NO. 5CC191000086)


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT

## SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Paul M. **Honkavaara**, doing business as Chartered Financial Group, appeals from the Amended Final Judgment for Private Capital Group, Inc. (**PCG**) entered by the Circuit Court of the Fifth Circuit on September 20, 2021.[1]  We vacate and remand.

PCG filed a foreclosure complaint against **Coco Palms Hui** LLC, Tyler Scott **Greene**, Chad **Waters**, and Honkavaara.  The complaint alleged that PCG serviced a **Mortgage** on real **Property** owned by Coco Palms Hui.  The Mortgage secured a **Note** made by Coco Palms Hui.  The Note was payable to a group of lenders, for whom PCG claimed to act.  Coco Palms Hui defaulted on the Note.  Greene and Waters had guaranteed Coco Palms Hui's obligation under the Note.  Honkavaara claimed an interest in the Property as a judgment creditor of Coco Palms Hui.[2]

PCG moved for summary judgment and a decree of foreclosure on November 5, 2019.  Honkavaara and Waters opposed the motion.  The circuit court entered an order granting partial summary judgment and a decree of foreclosure on June 17, 2020.  Waters filed a notice of appeal on June 25, 2020, creating CAAP-20-0000429.  A "Final Judgment" was entered on August 10, 2020.  Honkavaara filed a notice of appeal on August 25, 2020, creating CAAP-20-0000527.  We consolidated the appeals and temporarily remanded the case for entry of a judgment that complied with Hawaiʻi Rules of Civil Procedure Rule 54(b) and <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).  The Amended Final Judgment was entered on September 20, 2021.  We approved the parties' stipulation to dismiss Waters' appeal on March 6, 2024.  Only Honkavaara's appeal remains before us.

---

[1]     The Honorable Randal G.B. Valenciano presided.

[2]     Honkavaara's answer admitted that his judgment lien was junior and subordinate to the lien of the Mortgage.

Honkavaara contends the circuit court erred by granting summary judgment because PCG: **(1)** lacked standing to enforce the Note; **(2)** did not prove it suffered an injury-in-fact; and **(3)** had unclean hands.  We review a grant of summary judgment de novo.  <u>Bank of Am., N.A. v. Reyes-Toledo</u>, 139 Hawaiʻi 361, 367 n.9, 390 P.3d 1248, 1254 n.9 (2017).

**(1)**  A copy of the Note was attached to PCG's motion for summary judgment.  As the foreclosing plaintiff moving for summary judgment, PCG had to prove it was entitled to enforce the Note.  <u>Reyes-Toledo</u>, 139 Hawaiʻi at 367, 390 P.3d at 1254 (citing HRS § 490:3-301).  It had to show it was either **(a)** the holder of the Note, or **(b)** a nonholder in possession of the Note with the rights of a holder.  HRS § 490:3-301 (2008).[3]

**(a)**  PCG vice president Benjamin C. **Schramm** submitted a declaration stating that PCG had possession of the Note since it was executed.  Under the Hawaiʻi Uniform Commercial Code, a *holder* of a note is a person in possession of a note that is payable to the bearer, or to "an identified person that is the person in possession[.]"  HRS § 490:1-201 (2008).  The Note was payable to WCMF Inc., Coco Lenders Partnership, Blue Glacier Fund, L.P., Crestline AK Opportunistic Fund, L.P., and PCG Credit Partners LLC, "or their successors and assigns[.]"  A declaration by PCG's custodian of records stated that WCMF Inc. assigned its interest in the Note to Robert Conte, who assigned it to WSNT LLC.  Neither assignment appears in the record.

The Note was not specially indorsed to PCG.  HRS § 490:3-205(a) (2008).  The Note was not indorsed in blank.  HRS § 490:3-205(b) (2008).  PCG did not show it was the holder of the Note.

**(b)**  PCG argues it was a nonholder in possession of the Note with rights of a holder because it was the "disclosed agent" of the payees named in the Note (and presumably their assignees).

---

[3]     The HRS § 490:3-301 provisions about lost, stolen, or destroyed notes, or instruments paid or accepted by mistake, do not apply here.

Schramm's declaration stated that PCG had serviced Coco Palms Hui's loan since its origination, maintained all of the loan servicing records, and had possession of the Note. That agency relationship does not prove PCG had the rights of a holder.

HRS § 490:3-203 (2008) provides, in relevant part:

> (a) An instrument is transferred when it is delivered by a person other than its issuer *for the purpose of giving to the person receiving delivery the right to enforce the instrument*.

(Emphasis added.)

Uniform Commercial Code § 3-203 official comment 2. states: "Because the transferee's rights are derivative of the transferor's rights, those rights must be proved. . . . The instrument, by its terms, is not payable to the transferee and the transferee must account for possession of the unindorsed instrument *by proving the transaction through which the transferee acquired it*." (Emphasis added.) As the supreme court of one Uniform Commercial Code state noted, "because [a transferee] seeking to enforce the note cannot 'prove' its right to enforce through the use of a valid endorsement [sic], the party must 'prove' by some other means that it was given possession of the note *for the purpose of enforcing it*." Leyva v. Nat'l Default Servicing Corp., 255 P.3d 1275, 1281 (Nev. 2011) (emphasis added) (footnote omitted).

Schramm's declaration showed only that PCG serviced the loan. It did not establish that WCMF Inc., Coco Lenders Partnership, Blue Glacier Fund, L.P., Crestline AK Opportunistic Fund, L.P., PCG Credit Partners LLC, Robert Conte, or WSNT LLC authorized PCG to file suit to enforce the Note. PCG did not submit a loan servicing agreement or other evidence "of such authority to demonstrate that the principals unequivocally manifested their intention to authorize the loan servicer to exercise those rights [to foreclose a mortgage.]" J.E. Robert Co. v. Signature Props., LLC, 71 A.3d 492, 504 n.19 (Conn. 2013)

4

(cleaned up). PCG did not show it was a nonholder in possession of the Note with rights of a holder.

(2) A plaintiff must have suffered an injury-in-fact to establish standing to "justify exercise of the court's remedial powers" on their behalf. Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 41, 414 P.3d 89, 93 (2018) (citation omitted). In a foreclosure case, "the injury-in-fact is the mortgagor's failure to satisfy its obligation to pay the debt obligation to the note holder." Id. (cleaned up). The Note did not obligate Coco Palms Hui to pay PCG. PCG did not establish it suffered an injury-in-fact giving it standing to prosecute the foreclosure action.

(3) We need not address unclean hands because we are vacating the order granting partial summary judgment on other grounds, and remanding this case for further proceedings.

For these reasons, the circuit court's June 17, 2020 Findings of Fact and Conclusions of Law and Order Granting Plaintiff's Motion for Partial Summary Judgment and Interlocutory Decree of Foreclosure and September 20, 2021 Amended Final Judgment are vacated, and this case is remanded for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, June 28, 2024.

On the briefs:

Porter Devries,
for Defendant-Appellant
and Defendant-Appellee
Chad Waters.

Keith M. Kiuchi,
for Defendant-Appellee
and Defendant-Appellant
Paul M. Honkavaara dba
Chartered Financial Group.

Bradley R. Pulice,
Scott I. Batterman,
for Plaintiff-Appellee
Private Capital Group, Inc.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge